## PENDLETON v. SPEAR.

### Opinion delivered May 16, 1892.

*Mortgage foreclosure—Confirmation of sale.*

Where, under a decree of foreclosure, the mortgagee obtains a regular sale of the mortgaged premises for a fair price, he is entitled to a confirmation of the sale and satisfaction of his decree, without regard to any rights in the mortgaged premises acquired by a purchaser from the mortgagor *pendente lite.*

Appeal from Miller Circuit Court in Chancery.

W. S. EAKIN, Special Judge.

Pendleton and two others, surviving partners of Wickham & Pendleton, procured a decree against A. F. Spear, and Mary E. Spear, his wife, foreclosing a mortgage on a town lot in Texarkana, and a tract of land consisting of twenty-eight acres, situated in NE. ¼ of NW. ¼ of sec. 29, T. 15 S., R. 28 W. A commissioner was appointed with directions to sell the land, first offering the town lot and then the twenty-eight acres, *after giving the notice prescribed by law for the sale of real estate under execution.* The commissioner reported that on November 1, 1890, he sold the town lot to Geo. H. Langsdale; that when he was proceeding to offer for sale the twenty-eight acres of land, he, at the request of Langsdale, (who claimed to be owner of that portion of the land ordered to be sold which was situated in the north half of the forty-acre tract above described), and over the protest of Thomas Orr, offered for sale to the

highest bidder that portion of the tract situated in the south half of the forty-acre tract; that the land was sold to Thomas Orr, and brought enough to pay off the mortgaged debt.

Defendants filed exceptions to the commissioner's report, and asked that the commissioner be ordered to re-sell the tract of land, and to begin at the northeast corner of the tract and sell a sufficient quantity to pay the balance due under the decree.   Thomas Orr was permitted to intervene in the suit and resist the confirmation, alleging that he had, in December, 1887, purchased from defendants the land situated in the S. ½ of the forty acre tract, though his title was not recorded until December, 1890.   He asked that the commissioner's report of sale as to this tract of land be not confirmed ; that he be ordered to re-sell, beginning at the NE. corner of the tract.   Langsdale, also, was permitted to intervene and insist upon confirmation of the report, alleging that he was the owner, by record title, of the N. ½ of NW. ¼ of sec. 29 ; that he had been in possession thereof since 1886, when decree in his favor was rendered by consent in a suit wherein W. H. Bush, administrator, and others were plaintiffs and the defendants herein were defendants ; that the mortgage to plaintiffs herein, executed previously to that time, had been 'a cloud upon his title and had been removed by the commissioner's sale.

Upon the hearing, which appears from the decree to have been upon the report of the commissioner, the exceptions of defendants, the amended and substituted interplea of Thomas Orr, the interplea of Langsdale, the deposition of A. F. Spear, the oral testimony of witnesses in behalf of Orr, and of witnesses in behalf of Langsdale, the court approved and confirmed the sale of the town lot, and set aside the sale of the south half of the forty-acre tract ; and in its decree the court made the following special findings.

"First. That the title of George H. Langsdale was of record prior to that of Thomas Orr, but, at the time of the consent decree between Langsdale and Spear and wife, all parties were in possession of the lands then in controversy. That the testimony is conflicting as to Langsdale's actual notice of Orr's purchase of the lands in controversy, and upon this question of fact the court does not deem it necessary here to pass.

"Second. That the burden of the mortgage created by Spear and wife upon the lands in favor of Wickham & Pendleton, and subsequently alienated by Spear and wife to Langsdale and Orr, should fall upon the several parcels in the inverse order in regard to the time of the the alienation, but since all these parties obtained possession of their several parcels of land, the mortgage of Wickham & Pendleton was foreclosed, and the parties had then and there an opportunity of having the assets of Spear and wife marshaled and the burden placed where it properly belonged. This was not done, and the chancellor in a former decree condemned all of the lands for the satisfaction of the debt of Wickham & Pendleton, and this court will not now go back and alter the terms of that decree and place the burden upon any particular portion of the land in controversy. And it is further ordered and decreed that the commissioner is hereby ordered to re-advertise and sell said lands on the second day of March, 1891, on a credit of three months, in accordance with the decree in this cause hereinbefore rendered, and in making said sale said commissioner shall commence at the northeast corner upon east boundary line of said tract, and sell the same in lots of five acres until a sufficient quantity is sold to satisfy the balance due the plaintiff, A. B. Pendleton *et al.*, as surviving partners, and the interest thereon, together with the costs of this suit, and that, in the event the lands so sold include the interest allotted to interpleader, G. H. Langs-

dale, by a decree of this court in a cause wherein W. H. Bush as administrator of Daniel Dulin, deceased, *et al.*, were plaintiffs, and Mary E. Spear *et al.*, were defendants, then it is decreed that Thomas Orr contribute one-half of said sum, and that the interpleader, George H. Langsdale, have a lien upon the interest of said Thomas Orr for said contribution ; and if the same be not paid within thirty days after the purchaser at said commissioner's sale is required to pay the purchase price, that he, the said Langsdale, may have execution hereof ; and that the costs be paid equally by the interpleaders herein."

*Scott & Jones* for appellants, Pendleton *et al.*

1. The court erred in allowing Langsdale and Orr to interplead. After the decree of foreclosure, interpleas came too late. They should have been presented before the decree of foreclosure ; it is too late to inject their dispute into this case.

2. There is no statute requiring a *commissioner* to commence at the northeast corner to sell. The order did not so direct. The fact that the commissioner designated the part to be sold (a sale of the whole not being necessary), instead of referring the matter to the court, is not sufficient of itself to quash the sale. The discretion of the commissioner, if abused, may be corrected. 2 Metc. (Ky.), 550 ; 11 S. W. Rep. 606 ; 1 *id.* 394. The interpleas should be dismissed, and the sale confirmed.

*J. D. Cook* for appellant, Langsdale.

1. It was error to refuse to marshal the assets of Spear. The decree was not final until the property, or a sufficient amount thereof, had been sold to satisfy the plaintiff's claim, and the sale approved. 4 Ark. 293 ; 8 *id.* 67 ; 10 *id.* 333 ; 18 *id.* 209.

2. Orr is estopped. 10 Ark. 211 ; 18 *id.* 142 ; 24 *id.* 271 ; 33 *id.* 465 ; 36 *id.* 96 ; 39 *id.* 131 ; 6 Cush. 163 ; 13 Lea, 577 ; 10 Mass. 403.

3.  This was not an execution sale, and the commissioner was not bound by secs. 3052–3, Mansf. Dig.; 34 Ark. 399.

*John Hallum* for appellee, Thomas Orr.

The lands should be sold, commencing at the NE. corner. Mansf. Dig. secs. 3052–3. The decree is right, and should be affirmed.

PER CURIAM. When the appellants had obtained a regular sale for a fair price of the mortgaged premises under their decree of foreclosure, they were entitled to a confirmation of the commissioner's report of sale and the satisfaction of their decree, without regard to any equities or rights which Orr may have acquired in the mortgaged premises *pendente lite.*

The order of sale which the commissioner executed did not require that officer to commence to sell at the NE. ¼ of the tract. The statements of the appellant's abstract that there was no irregularity shown in the conduct of the sale, and that the land brought a fair price, are not controverted by the other parties. We take them therefore as true.

As against Mrs. Spear, the defendant in the suit to foreclose, the plaintiffs were entitled to confirmation of the report of sale. But Orr could assert no right in this suit except such as Mrs. Spear could assert, for his purchase from her was after the litigation. The sale as to him should therefore have been confirmed. It was error to allow Orr and Langsdale to protrude the controversy between themselves into the plaintiffs' litigation. They were not parties to the foreclosure suit, and the decree in no wise settled or affected the rights or equities between them.

The ends of justice did not demand that the plaintiffs in that suit should be harassed and delayed by their litigation. The court should therefore have refused their petitions to become parties to this suit, and left them

free to settle their controversy in a separate suit.

The decree of the circuit court will be set aside, the petitions of Orr and Langsdale will be dismissed without prejudice to either, and the cause will be remanded with directions to confirm the commissioner's report of sale.

It is so ordered.