Case 96.—ACTION BY JAMES A. HAVENS AND OTHERS AGAINST GEORGE H. AHLERING AND OTHERS FOR A DISCOVERY OF ASSETS AND THE ENFORCEMENT OF A JUDGMENT.—Nov. 13.

## Havens, &c. v. Ahlering, &c.

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for Defendants. Plantiffs appeal. Reversed.

1. Guardians—Appointment — Jurisdiction—Presumptions—Nothing appearing to the contrary, where a county court appoints a guardian, the presumption will be indulged that the jurisdictional facts were found to exist by the county court when it made the appointment and took the bond.

2. Same—Where the jurisdiction over the wards and their estate once attaches in a county it continues until surrendered by the county court or is discharged by law. A county court may require a guardian, appointed by it to make settlements and renew his bond and on his failure to do either may remove him and appoint another to take charge of the estate over which the court had taken jurisdiction.

3. Failure of Guardian to Execute Bond—Acts Thereunder—Benefit to Ward—Where an estate was committed to a guardian appointed by a county court, who failed to execute the bond required by the statute, his acts in collecting money or prosecuting suits for the recovery of money due his wards were not void, especially when they were for the benefit of and have since been ratified by the wards after arriving at age, and neither will the guardian nor third person be heard to deny to the wards whatever benefit they might claim under the acts of their quondam guardian.

4. Judgments Recovered by Quondam Guardian—Binding Effect —Although the action of a county court appointing a guardian was void for want of jurisdiction, where such guardian filed suit and recovered judgment in the circuit court of said county against the sureties of a former guardian, the circuit court having jurisdiction, its judgment though it might have been erroneous was binding on the parties to that suit until it was reversed or otherwise vacated.

5. Litigated Matters—Issues That Might Have Been Presented — It is the policy of the law to put at rest all matters once litigated between competent parties before a tribunal having jurisdiction to decide the question so long as that judgment stands. This rule includes any issue that might have been presented in the case.

C. T. BAKER attorney for appellants.

POINTS AND AUTHORITIES.

1. The judgment of a court of competent jurisdiction, though erroneous, is binding until reversed, and is sufficient to uphold a sale of property. (Burtard v Gates, 4 Dana, 430.)

2. An erroneous judgment so long as unreversed as obligatory and not to be controlled unless for fraud in its obtention. (1. J. J. Marshall, 275. (Hampton v. Dudley), 12 Ency. of Law( 86.)

3. Courts of equity cannot revise judgments at law, to correct unjust or unproper verdicts. The remedy is to be fraud in the court of appeals. (Cameron v. Bell, 2 Dana, 328, 12 Ency. of Law, 145, 146, 147; Dupu v. Johnson, 1 Bibb, 156; Talbott v. Todd, 5 Dana, 193; Spaulding v. Wather, 7 Bush, 662; Garner v. Willis, 92 Ky., 390; Davis v. McCorkle, 14 Bush, 751; Francis v. Wood, 81 Ky., 22; Snapp v. Snapp, 87 Ky., 558; Honaker v. Cecil, 84 Ky., 206; Watson v. Cameron, 10 Ky. L. R., 291; Cometh v. Louisville Water Co., 18 Ky. L. R., 620; Berry v. Foster, 22 Ky. L. R., 747; Kaye v. Kean, 18 Ben. Mon., 846; Allen v. Hall, 1 A. K. Mar., 528; Pepper v. Donnelly, 87 Ky., 262.)

4. One who was irregularly appointed as guardian, will nevertheless, where he has been guilty of no fraud, be treated by the chancellor as an ordinary trustee and legal guardian. (Crooks v. Turpin, 1 Ben. Monroe, 185.)

C. L. RAISIN & HORACE W. ROOT for appellee.

1. We submit that the judgment obtained by John D. Ellis as guardian of appellant against John Hoffman, E. H. Einhaus and George Ashlering, upon which judgment the present action of

appellant is brought, is void, by virtue of Sec. 2015, Ky. St., as construed in the case of Collins v. Powell, 14 Ky. L. R., 119.

2. If a judgment is void the party against whom it is rendered, in order to get relief, is not bound to appeal from same, or to institute a direct proceeding to vacate same, because he may resist it in any court in which it is attempted to inforce said void judgment. The principal of res-adjudicata does not apply to a void judgment. (88 Ky., 597; 10 R., 393; 19 Ky. R., 662.)

3. Before a suit in equity, in aid of execution, can be brought, an execution upon a judgment should be issued and returned "nulla bona." There must be a reasonable showing that there is not an adequate remedy at law, (Ky. Statutes, Sec. 2015; Civil Code, Sec. 493, 497; Collins v. Powell, 14 Ky. L. R., 119; 88 Ky., 577; Stephens v. Dearing, 10 Ky. Law Rep., 394; Jacobson v. Wernet, 19 Ky. Law Rep., 662.)

OPINION BY JUDGE O'REAR—Reversing.

James Havens, Sr., died a citizen of Campbell county in 1884. His widow and infant chilren removed to Kenton county within a year or so afterward. The infants inherited an estate from a deceased uncle who died a citizen of Pendleton county. A guardian was required to be appointed for the children, and the county court of Campbell county apapointed John Hoffman as their guardian in 1886, who qualified by executing bond in the Campbell county court with appellee Geo. H. Ahlering and J. H. Einhaus, as securities. Hoffman, as guardian, collected and failed to account for $502.45 for his wards. He was subsequently removed as guardian by the Campbell county court, and John D. Ellis was appointed guardian in his stead. Ellis, as guardian on behalf of his wards, and the said infants suing by Ellis, as guardian, brought an action in the Campbell circuit court against Hoffman and his sureties on the bond executed by Hoffman to recover the sum named above. Aherling defended, denying that Hoffman had received any sum for his wards which was un-

accounted for by him.  But the court adjudged in
June, 1898, that the plaintiffs in that action recover
from the defendants, including Ahlering, the sum of
$502.45.  Execution was issued on the judgment, and
was returned "No property found."  The Havens
children having arrived at 21 years of age, and the
judgment in their favor, and in favor of the guardian
Ellis, being unsatisfied, brought this action under
section 439 Civ. Code Prac. for a discovery of assets,
and to subject those discovered to the satisfaction
of the judgment.  Ahlering is the principal defend-
ant sued, and his property is sought to be subjected to
the satisfaction of the judgment.  His defense is that
the judgment rendered against him by the Campbell
circuit court in 1898 in the suit of Ellis, guardian, etc.,
is void.  The argument is that the judgment is void,
because of the fact that the Campbell county court,
in 1888, had not the jurisdiction to appoint Ellis as
guardian.  And, again, that Ellis did not execute
bond as guardian.  The assumption is that if the
county court had not the jurisdiction to appoint either
of the guardians that any judgment rendered by any
court in favor of the latter guardian, adjudging the
rights of the wards, would be void although the court
rendering the judgment had jurisdiction of the sub-
ject-matter of the suit and of the parties.

It is not claimed, at least it is not shown, that the
Campbell county court had not the jurisdiction to ap-
point Hoffman, and to accept his bond with appellee
as surety.  Nothing appearing to the contrary, the
presumption will be indulged that the jurisdictional
facts were found to exist by the Campbell county court
when it made the appointment and took the bond.  The
jurisdiction over the wards and their estate having
once attached in Campbell county, it continued until
surrendered by the county court, or was discharged by
law.  It was then competent for the Campbell county

court to require the guardian appointed by it to make his settlements, and renew his bond, from time to time, as might be deemed necessary by the court, and upon his failure to do either, to remove him, and to appoint another guardian to take charge of the estate over which the court had taken jurisdiction. If the new guardian failed to execute bond, and the estate was committed to him without his having executed the bond required by the statute, his acts in collecting money or prosecuting suits for the recovery of money due the wards, were not void, especially where they were for the benefit of the wards, and have since been ratified by them after arriving at full age. The guardian so acting would not be heard to deny his liabilty to the wards for his acts. Nor will third persons be heard to deny to the wards whatever benefit they might claim under the acts of their quondam guardian. Though our position above outlined was less clear than we think it is, still the judgment of the circuit court, adjudging that Ellis, as guardian of the Havens children, recover of appellee Ahlering $502.45 in favor of the children, was not void; for the Campbell circuit court had jurisdiction of an action by the guardian in behalf of his wards to recover of the sureties of the former guardian the sum due the wards by the latter. The court also had jurisdiction of the persons of the defendants. If the order of the county court appointing Ellis guardian was void, that was a matter of defense in the action in the circuit court. It was not presented, and the allegation of Ellis' petition that he was such guardian was confessed by the failure to deny it. It was the same as if it had been put in issue, and the court had found the fact to be that the Campbell county court did have jurisdiction to appoint the guardian. Such an adjudication, though it might have been erroneous, was binding on the parties to that suit until it was reversed, or other-

wise vacated. It constitutes an estoppel of record, and of the highest form. Like all estoppels, it precludes the showing of the truth against it. It is the policy of the law to put at rest all matters once litigated between competent parties before a tribunal having jurisdiction to decide the question, so long as that judgment stands. The rule includes any issue that might have been presented, as well as any that was actually presented, in the case. Defendant Ahlering having once had his day in court, namely, in the original suit in the Campbell circuit court by Ellis, as guardian of the Havens minors, he is bound by that judgment as fully as if every fact decided by it, which included the right of the guardian to prosecute the action, were decided correctly, and upon the most indisputable evidence.

The opinion of Collins v. Powell, 19 S. W. 578, 14 Ky. Law Rep. 119, is relied on by appellees, and is said to have been deemed conclusive of this case by the trial court. That was an action to set aside a judgment of the Madison circuit court, decreeing the sale of an infant's land for reinvestment. It was claimed that the guardian who instituted the action, was appointed by a court that had not jurisdiction to do so. It was said by this court that had that been so, the order appointing him would have been void. But it was not held that the judgment of the circuit court, decreeing a sale on the petition of such guardian, would have been void. What was said was, such person "had no right to bring an action as guardian for the sale of the infant's real estate." The law, then, was that a guardian of an infant might maintain such action without the infant being a party at all. While it might be inferred that the court doubted the jurisdiction of the circuit court to sell an infant's real estate—being in itself a special and limited jurisdiction of such court—upon the ex parte request of a

stranger—as the spurious guardian would have been in law, the question was not decided, because the court found the fact to be that the Madison county court did have jurisdiction to appoint the guardian. But there is a big difference between the cases in any event. The circuit courts have general jurisdiction of actions to recover money, where the amount is more than $50. But their jurisdiction to sell infant's land is special, and, if exercised, must be done in the manner, so far as jurisdictional facts are concerned, that the Code requires. A judgment by a circuit court for the sale of an infant's land might be void for want of jurisdiction, as where the action was filed by the infant alone, while the judgment of the same court would not be void which adjudged the infant to recover money of the defendant, although the latter judgment might be erroneous. The statute which gives circuit courts the jurisdiction to sell infant's lands does not give it upon the mere application of the infant. But the general jurisdiction of the circuit court, in actions for money, is not so limited. The record shows that appellee had certain real property subject to appellant's judgment. It should have been subjected.

The judgment of the circuit court, dismissing appellant's petition, is reversed, and cause remanded, for the entry of a judgment in conformity herewith.

Petition for rehearing by appellee overruled.