

# The Attorney General of Texas

August 23, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. JM-343

Re: Applicability of article V, section 86 of the General Appropriations Act, which requires the filing of financial statements by state employees

Dear Mr. Bullock:

You have asked for the opinion of this office as to the applicability of article V, section 86 of House Bill No. 20, Sixty-ninth Legislature, which is the General Appropriations Act for the 1985-87 biennium. Section 86 is a rider which provides that

> None of the funds appropriated to departments and agencies covered in Articles I through IV shall be contractually obligated unless those employees who are responsible for entering into such contracts and for approving such expenditures have completed financial disclosure statements and these financial statements have been reviewed and approved by the board or commission to which each employee is responsible. All financial statements shall be on file in the administrative offices of the respective department or agency, shall be submitted to the responsible board or commission for approval annually, and shall be open to public inspection.

You ask what guidelines should be followed regarding the financial statements and in determining which employees are required to file them.

General principles that are relevant to your inquiry were summarized in 1972 by Attorney General Opinion M-1199 as follows:

> An appropriation bill may detail, limit or restrict the use of funds therein appropriated or otherwise insure that the appropriated money will be spent for the purpose intended. Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946);

Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); Attorney General's Opinions O-445 (1939), V-1253 (1951), V-1254 (1951), 2959 (1935), V-1196 (1951).

A rider attached to the general appropriation bill cannot repeal, modify or amend an existing general law. State v. Steele, 57 Tex. 203 (1882); Linden v. Finley, supra; Moore v. Sheppard, supra; Attorney General's Opinions 1745 (1917), 2787 (1929), 2965 (1935), 2970 (1935), O-445 (1939), O-1837 (1940), O-2573 (1940), O-5329 (1943), V-412 (1947), V-894 (1949), V-1196 (1951), V-1254 (1951), M-1141 (1972).

The Texas Supreme Court has construed article III, section 35 of the Texas Constitution to prohibit general legislation in the general appropriation bill. It is well settled that a rider may not conflict with general law. See, Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975); Attorney General Opinions JM-167 (1984); MW-104, MW-51 (1979).

Article 6252-9b, V.T.C.S., is general law on the subject of financial statements by state officers and employees. Section 1 states that

It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties. It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms.

Section 3(a) of that Ethics Act lists the persons who are required to file financial statements with the secretary of state. The list includes every elected officer, salaried appointed officer, appointed officer of a major state agency, and executive head of a state agency.

In addition, those persons and all other state employees are subject to the standards of conduct of section 8 of the Ethics Act. See Attorney General Opinions H-269, H-255 (1974). Section 4 of that Act specifies the information which shall be included in the financial statements.

A rider relating to financial statements by state employees that is merely declarative of existing law is not invalid. Hence, it is our opinion that the legislature intended the rider in question to implement the general law of article 6252-9b. Any broader construction would cast serious doubt upon the constitutionality of section 86.

The guidelines to be followed in determining which employees must file financial statements and the content of those statements, therefore, are the guidelines provided by article 6252-9b. The persons who must file statements under section 86 are those listed in article 6252-9b who are also responsible for entering into agency or department contracts and for approving expenditures thereunder. To comply with both article 6252-9b and the rider in the Appropriations Act, such persons who are in departments or agencies covered by articles I-IV of the Appropriations Act should file a financial statement with the secretary of state and annually submit a financial statement to the board, commission, or appropriate administrator who will review and approve the statement under the provisions of the new rider. This filing requirement is not unconstitutionally inconsistent with article 6252-9b. See V.T.C.S. art. 6252-9b, §9(a); Attorney General Opinion M-1199 (1972). A copy of the financial statement should remain on file in the department's or agency's administrative office and be open to public inspection.

## S U M M A R Y

A rider attached to the General Appropriations Act cannot repeal, modify, amend, or conflict with an existing general law. Section 86 of article V of House Bill No. 20, Sixty-ninth Legislature, does not do so; it merely implements article 6252-9b, V.T.C.S. Guidelines applicable to that rider are the guidelines provided by article 6252-9b.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood