

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. H. A. Glass, Director
Textbook Division
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-1837
Re: General Appropriation Act, 46th
Legislature -- Department of
Education--Textbook Division--
Custodian of Textbooks--Expen-
ditures--Reimbursement.

We acknowledge receipt of your letter of January 5, 1940, sub-
mitting the following questions for a legal opinion, to-wit:

"1. May this Division legally reimburse bonded custodians
of free textbooks for expenditures made by them in con-
nection with the distribution of free textbooks to pupils
of the free schools of this State:

"2. If you answer the foregoing in the affirmative, then
may this reimbursement be made from that portion of the free
textbook fund allocated by the State Board of Education
from the available school fund but not appropriated by the
Legislature for a specific purpose?"

The pertinent Articles of the Civil Statutes governing the matters
inquired about by you are as follows:

"Article 2866. The State Board of Education is hereby
authorized and empowered and it is made its duty to pur-
chase books from the contractors of textbooks used in public
free schools of this State and to distribute the same with-
out other cost to the pupils attending such schools within
this State in the manner and upon the conditions herein-
after set out."

"Article 2867. In order to carry out the provisions of this
Act the State Board of Education shall annually at a meet-
ing designated by them each year, set apart out of the
available free school fund of the State an amount sufficient
to purchase and distribute the necessary school books for
the use of the pupils of this state for the scholastic year
ensuing."

"Article 2868. The State textbook fund of this State shall consist of the fund set aside by the State Board of Education from the available school fund as is provided for in this Act, together with all funds accruing from the sale of disused books and all moneys derived from the purchase of books from boards of school trustees by private individuals, by schools, or from any other source."

"Article 2869. The State Board of Education shall require from the State Superintendent on July first of each year a report as to the funds necessary for the purchase and distribution of (or) other necessary expenses of school books for the regular school session of the following year, and said Board of Education shall have the power to set apart from the available school fund the estimated amount with 25 per cent additional, this additional sum to be used to meet emergencies or necessities caused by unusual increase in scholastic attendance or by unusual and unforseen (unforeseen) expenses and school conditions. Funds transferred in the text book fund shall remain permanently in this fund until expended, and shall not lapse to the State at the close of the fiscal year. The State Superintendent of Public Instruction shall be required to include in the aforementioned report to the State Board of Education a statement as to the amount of this fund which is unexpended, and said amount shall be considered by the board in determining the necessary expenditures for textbooks for the following year."

"Article 2876h. All necessary expenses incurred by the operation of this Act incident to the enforcement of this law shall be paid from the State Textbook. Fund herein provided for upon bills approved by the State Superintendent of Public Instruction, and shall be paid upon warrants drawn by the Comptroller upon the Treasury of the State."

"Article 2876j. The provisions of this Act are intended to furnish a complete plan for the adoption, purchase, distribution and use of free textbooks to be supplied to the public free schools of the State. All laws and part of laws in conflict herewith are hereby repealed."

It is thus made the duty of the State Board of Education to purchase and distribute textbooks free to the pupils attending the public free schools of the State. This means the Board must pay the reasonable and necessary expenses incident to such distribution. The specific rules as to the requisition, distribution, etc. of books may be made by the State Superintendent of Public Instruction, subject to the approval of the State Board of Education, but such rules may not conflict with the provisions of the statutes. (Article 2876b)

Your first question, therefore, is answered in the affirmative.

Article 2876h, above quoted, declares that all necessary expenses incurred in the operation of the Act incident to the enforcement of the law shall be paid from the State Textbook Fund therein provided f or.

In a general rider attached to the appropriation, it is provided:

> "...that any amount expended for textbooks administration including new textbooks rebinding and any other expenses connected therewith shall be paid out of the State Text-book Fund."

There is no specific appropriation contained in the bill to the contrary of the rider just quoted.  The rider, it will be seen, is in keeping with the statute above quoted, and it is well settled that if it were not it could not operate to change the general law, for it is the undoubted rule that an appropriation bill in contravention of a general statute is of no force or effect.  (State v. Steele, 57 Tex. 203; Linden v. Finley, 92 Tex. 451; Attorney General's opinion 1916-1918 p. 110/ Attorney's General's opinion no. 2965, 1034-1936 p. 46; Attorney General's opinion no. 2970, 1934-1936, p. 72.

So that, your second question is also answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

APPROVED JAN 16, 1940

W.F. Moore

FIRST ASSISTANT
ATTORNEY GENERAL

Ocie Speer
Assistant