

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 24, 1958

Honorable Leroy Jeffers,
Chairman, Board of Regents,
The University of Texas,
Esperson Building,
Houston, Texas

Opinion No. WW-379

Re: Several questions concerning the construction of Section 33, Article VI, Chapter 385, page 1155, Acts 55th Legislature, Regular Session, 1957, relating to prior approval of travel for officers and employees of agencies of higher education.

Dear Mr. Jeffers:

In requesting our opinion as to the construction of Section 33, Article VI, Chapter 385, page 1155, Acts 55th Legislature, Regular Session, 1957, you ask the following question:

"Specifically, must travel by a member of the faculty or staff of an institution of higher education to present the results of original research before a national, regional, or State learned society be approved by the institution's governing board prior to the occurrence of the travel?"

Section 33 of such Act reads as follows:

"Travel by officers and employees of agencies of higher education. None of the moneys appropriated by this Act may be expended for official travel expense incurred by members of governing boards, executive and administrative heads, or by any employee, of State agencies for higher education except for official business as approved by the appropriate governing board. Official business shall include the formal presentation of original researches by an employee, if before a national, regional, or State learned society approved in advance.

"For the purposes of in-state travel, the respective governing boards may delegate their authority to approve official travel reimbursements from appropriations made in this Act, to presidents,

> chief executive heads, vice-presidents, or deans heading State systems or particular agencies of higher education; provided that such delegations of authority shall specify the kind or nature of official travel to be approved and the termination date of such delegated authority, that such delegations are entered in the official minutes of the governing board, and that a copy of such delegations is filed with the Comptroller.

> "All out-of-state travel for any official purpose shall be approved by the appropriate governing board, except that approval by the University of Texas Board of Regents is not required for travel by the faculty and staff of Texas Western College in the State of New Mexico within a radius of 200 miles from El Paso. Such excepted travel shall be approved in advance by either the President of the University of Texas System or by the executive head of Texas Western College, as said Board of Regents may determine."

Presentation of such original researches by an employee, if before a national, regional, or State learned society is specifically deemed to be "official business", for the purpose of travel expense reimbursement.

It is not a new requirement of our law that approval for travel for official business must be approved prior to the occurrence of the travel. See Attorney General's Opinion S-116 (1953) relating to allowance of travel expense of faculty members to deliver original research before a learned society. The provision there under consideration was Acts 53rd Legislature, Regular Session, 1953, Chapter 81, Article VI, Section 8-d, which reads in part as follows:

> "The formal presentation of original researches, . . . if before a national, regional or state learned society approved in advance by the administrative head of the school, shall be considered state business."

The above cited opinion construes this Section in the following language, in part:

> "In view of these provisions, we think it is clear that Dr. Clabaugh was on State business <u>if his presentation was 'approved in advance</u> by the administrative head' of the University . . ."
> (Emphasis ours)

While the language there under consideration differs in some respects from that here under consideration, we are unable to distinguish between the legislative intent as to the nature of the approval required.

Attorney General's Opinion 0-2457 (1940), construing the "advance" approval requirement of the general rider to Senate Bill 427, 46th Legislature, says in part as follows:

> ". . . We note your statement that the argument is made to you that the word 'advance', as used in the rider, means in advance of payment and not in advance of making the trip. However, the language of the Act is too clearly otherwise. It simply admits of no other construction than that out-of-state expenses must not be incurred until the written statement of the Attorney General has been obtained and filed with the Comptroller advising that the purpose of the proposed trip is for State business purposes. . . ." (Emphasis in original)

A construction which would grant a governing board authority to "approve" the learned societies, travel to which would be official business, in advance of travel; or which attempts to grant the governing board authority to determine what was or was not "official business" for the purpose of reimbursement, would contravene the rule that provisions of an appropriation bill may not contain general legislation and may not repeal, modify or amend any general law. Moore, et al v. Sheppard, 144 Tex. 537, 192 S.W. 2d 559 (1946); Conley v. Daughters of the Republic, 151 S.W. 877; Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); State v. Steele, 57 Tex. 203 (1882). Furthermore, the second and third paragraphs of such Section clearly show that such Section contemplates the official travel to be approved by the governing board or its delegated agent.

Section 33 relates to "travel by officers and employees of agencies of higher education". The subject matter of the specific sentence you refer to is the "presentation of original researches." We can only conclude that what is to be "approved in advance" is the travel incident to such presentation. Any other interpretation would be forced and unwarranted.

Prior to the occurrence of the travel for purposes of presenting results of original researches before national, regional or State learned societies, each designated employee must seek your approval for the proposed travel from the authority designated by Section 33.

In-state travel for such purpose is to be approved in advance of travel by the governing board of the institution involved, or by its properly delegated authority.

Out-of-state travel for such purpose is to be approved in advance of travel by the governing board of the institution involved. There is no provision for delegation of this power except as such Section pertains to Texas Western College faculty and staff travel in the State of New Mexico within a radius of two hundred (200) miles from El Paso, specific authority for such delegation being provided by Section 33.

## SUMMARY

Section 33, Article VI, Chapter 385, page 1155, Acts 55th Legislature, Regular Session, 1957, relating to approval of travel for officers and employees of agencies of higher learning to present the results of original researches before national, regional or State learned societies, contemplates such travel to be approved by the governing board of such institution or its properly delegated agent prior to the occurrence of such travel.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:jl:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Cecil C. Rotsch
Jack Goodman
Houghton Brownlee, Jr.
John Reeves
REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert.