

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

*Supplements and Amends WW-1461*
*overruled by M-1199 where conflicts*

WFORD C. MARTIN
TTORNEY GENERAL

June 28, 1968

Honorable W. S. Heatly
Chairman, Appropriations
   Committee
House of Representatives
Austin, Texas

Dear Mr. Heatly:

Opinion No. M-249

Re: Validity of Section 49 of
    Article V of the Appropria-
    tions Bill and Section 49
    of Senate Bill No. 15 of
    the 60th Legislature, Regular
    Session, and related question.

     Your request for an opinion asks the following
questions concerning the provisions of Section 49 of Article
V of Senate Bill 15, Acts of the 60th Legislature, Regular
Session (General Appropriations Act):

     "(1) In view of the position now being
taken by the Legislature by Section 49 of the
Appropriations Bill and Section 49 of Senate
Bill No. 15 of the Regular Session of the 60th
Legislature, your opinion is requested with
reference to the validity of said provision
in the Appropriations Bill in view of specific
statutes authorizing the employment of pro-
fessional legal personnel and their authority.

     "(2) Your opinion is further requested
in view of Attorney General's Opinion WW-1461
which we ask that you review in connection with
the provisions as hereinabove outlined as being
a part of the Appropriations Bill."

     The above referred-to rider reads as follows:

     "Sec. 49. ATTORNEYS. From and after
September 1, 1967, should a vacancy occur in
any department or institution of higher learn-
ing, not otherwise exempted, in Articles III
or IV of this Act in a position which has as
its primary function the practice of law and
rendering of legal services and counsel, said
position shall be filled only after having
received the written approval of the Attorney
General.

- 1209 -

"None of the funds herein appropriated may be expended for legal services until the Attorney General has given prior written approval for the employment of such personnel and the compensation to be paid. This provision shall apply to all legal services except those rendered by personnel who are classified in the Position Classification Plan.

"None of the funds appropriated in Articles II, III and IV of this Act, with the exception of funds appropriated to the Secretary of State, may be used for the delivery of a written legal opinion unless a copy of such opinion is furnished the Attorney General.

"None of the funds appropriated in Articles II, III and IV of this Act, with the exception of funds appropriated to the State Library and for State-supported law schools, may be expended for purchase of law books without the approval of the Attorney General."

A General Appropriations Bill may contain riders which detail, limit or restrict the use of funds or otherwise insure that the money appropriated is spent for the required purposes for which the money is appropriated. However, a General Appropriations Bill may not repeal or amend existing general legislation. State v. Steel, 57 Tex. 203 (1882); Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913); Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946).

The duty of representing State agencies and of rendering legal advice and counsel to State agencies rests on the Attorney General. Article IV, Section 22, Constitution of Texas; Article 4399, Vernon's Civil Statutes. In addition thereto, certain State agencies may be authorized by statute to contract for the professional services of an attorney, and this authority may be limited, as herein shown, by the legislative provision requiring the Attorney General's advance written approval of the attorney to be employed as well as the rate of compensation to be paid him.

Applying the principle of law announced in the above-cited cases to the rider in question, and in view of the provisions of Section 22 of Article IV of the Constitution, Article 4399, and various other statutes permitting certain

State agencies to contract for the services of an attorney, it is our opinion that the rider does not seek to repeal or amend those statutes, but is designed to carry out such statutory provisions.

Therefore, in answer to your first question, you are advised that the provisions of Section 49 of Article V of Senate Bill 15, Acts of the 60th Legislature, are valid. In answer to your second question, you are advised that Attorney General's Opinion WW-1461 holds that the provisions of Subdivision h of Section 3 of Article 7621d, permit the Texas Water Pollution Control Board to enter into a contract for the professional services of an attorney to advise and assist the Board. However, in that opinion, this office was not confronted with an opinion request involving the specific questions here presented, and such opinion is hereby supplemented and amended to the extent of the question answered herein. When the statutory provisions relating to the duties of the Attorney General and the employment of attorneys by other agencies are read in conjunction with the constitutional and statutory provisions relating to the duties of the Attorney General, it is noted that the rider plainly states that before appropriated funds may be expended, the employment and compensation to be paid must have the prior written approval of the Attorney General.

## S U M M A R Y

Section 49 of Article V of Senate Bill 15, Acts of the 60th Legislature, Regular Session, relating to prior written approval by the Attorney General of the employment of personnel to render legal services and the compensation to be paid is valid.

Attorney General's Opinion No. WW-1461 (1962) is hereby supplemented and amended by the specific question answered in this opinion.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:
John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Houghton Brownlee
Roger Tyler
John Grace
Sam Kelley

A. J. CARUBBI, JR.
Executive Assistant