### W. C. LINDEN v. R. W. FINLEY, COMPTROLLER.

No. 747. Decided February 16, 1899.

1. **Constitution—Appropriations—Fees of Officers.**

A bill making appropriations for payment of fees in felony cases is not, by virtue of the fact that it prohibits payment therefrom of certain fees allowed by law in such cases, an attempt to change the laws in regard to the fees and costs therein, nor prohibited by Constitution, article 3, section 35, because legislating upon a subject (the fees allowed by law) not embraced in its title. (Pp. 453, 454.)

2. **Same—Mandamus.**

A failure to make appropriations for the compensation fixed by law for the services of an officer leaves him with a legal right to such compensation, but with no remedy except an application to another Legislature. He can not compel the Comptroller, by mandamus, to issue warrants for such fees, since the latter has no authority to do so without an appropriation. (P. 454.)

3. **Same—District Attorney—Concurrent Sentences.**

A district attorney was allowed by law certain fees in case of each conviction for felony obtained by him, but the bill making appropriation for his fees allowed payment of but one fee for two or more convictions with sentences running concurrently. Held, that he could not maintain mandamus to require the Comptroller to issue warrants for his fees in each of such cases in which the imprisonment was concurrent. (Pp. 452-454.)

ORIGINAL APPLICATION for writ of mandamus requiring the Comptroller to issue warrants for fees of a district attorney in felony cases.

*W. C. Linden,* relator, pro se.—Before any existing law can be expressly repealed or amended by the Legislature, the act making it a law must be re-enacted and published at length. Const., art. 3, sec. 36.

The provision of the appropriation bill quoted by counsel for respondent in their brief, and relied upon as the sole basis of their contention in this case, is, we contend, absolutely void, because it is not authorized by the caption of and title to the appropriation bill. It is independent, substantive legislation, germane to the subject matter of that bill. Therefore, if it be true that section 36, article 3, of the Constitution, does not apply to implied amendments and repeals, it is nevertheless also true that no implied repeal can take effect when the law seeking to create it is absolutely void. Const., sec. 36, art. 3.

Section 840 of the Code of Criminal Procedure, quoted by respondent, has no bearing upon this question, for the following reasons: (1) Because it was not enacted for the purpose of fixing or limiting in any manner the fees of officers, and has no connection with or bearing upon the

question of such fees.   (2) It applies only to the duties of district judges, and has nothing to do with the duties of district attorneys, the services rendered by them, nor their right to remuneration for such services, which is fixed by another law.   Said article 840, we think, must be held to be merely directory, notwithstanding the fact that in terms it appears to be mandatory, because, in the first place no penalty is provided by law to secure the enforcement of the provisions of said article, and in the second place, neither the State nor defendant would be in a position to take any advantage whatever of the court's failure to comply with said article.   Suth. on Stat. Const., secs. 446, 447.

Provisions of an appropriation bill, if given any force, must be construed to be like the bill itself, only temporary.   The provision of the appropriation bill under discussion can not reasonably be relied upon by respondent as a permanent modification of the fee bill, when this provision must expire with the appropriation bill containing it.   Suth. on Stat. Const., sec. 218.

*T. S. Smith*, Attorney-General, and *R. H. Ward*, Assistant Attorney-General, for respondent.—If any law in existence appears to confer upon relator the right to compensations for convictions in felony cases where the sentences are not made cumulative, all of such laws are either expressly or impliedly repealed by the appropriation bill of 1897.   Code Crim. Proc., arts. 840, 1081; Const. 1876, sec. 44, art. 3; State v. Wilson, 71 Texas, 301; Riggs v. Pfister, 21 Ala., 469; Riggs v. Brewer, 64 Ala., 283; Cool. Const. Lim., 6 ed., 182; Chambers v. State, 25 Texas, 307; Fahey v. State, 11 S. W. Rep., 109; Giddings v. San Antonio, 47 Texas, 556; Breen v. Railway, 44 Texas, 306; Austin v. Railway, 45 Texas, 267; Phillips v. Bridge Co., 2 Metc. (Ky.), 222; Smith v. Com., 8 Bush., 112; State v. County Judge, 2 Iowa, 284; Battle v. Howard, 13 Texas, 345; Webb v. Maxan, 11 Texas, 678; Tadlock v. Eccles, 20 Texas, 792; Peavy v. Goss, 90 Texas, 89.

If the previous laws entitling relator to fees for felony convictions in cases where the sentences are concurrent have not been repealed either expressly or by implication, as above stated, then the appropriation act in express terms only provides for the payment of fees in cases where the sentences are cumulative, where there are two or more convictions against the same defendant, and even if relator's claims were valid, as against the State, the Legislature has made no specific appropriation for their payment, and consequently the relator is not entitled to the writ of mandamus against respondent.   Pickle v. Finley, 91 Texas, 484; High on Ex. Leg. Rem., sec. 116; State v. Hays, 50 Mo., 36; Bayne v. Jenkins, Treasurer, 66 N. C., 358.

GAINES, Chief Justice.—This is an original petition for the writ of mandamus.   The relator is the district attorney for the Thirty-third Judicial District of the State, and the respondent is the Comptroller of Public Accounts.   The allegations of the petition are, in substance, that

during the November term of the District Court of San Saba County (which is one of the counties of his district) the relator procured the conviction of one Means in four separate cases, in each of which he was charged with theft of cattle; that two of the sentences were made cumulative and two concurrent; that he made out his account for fees for such services, and that it was approved by the judge who presided at the trial; and that thereafter he presented the same to the respondent with the request that he draw his warrant on the State Treasurer for the amount of the same; but that respondent drew his warrant for $60 only and refused to draw for the additional $60, the balance of said account. The prayer is for a mandamus to compel the Comptroller to issue him an additional warrant for the sum of $60. The respondent relies upon a demurrer to the petition.

According to the allegations of the petition, San Saba County is excepted from the provisions of section 3 of the Act of June 16, 1897, in relation to fees of office; and therefore article 1081 of the Code of Criminal Procedure applies to the case. That article allows the district attorney for every conviction of felonious homicide a fee of $50, and for every other conviction of felony a fee of $30, when there is no appeal or when the judgment is affirmed, or when the defendant escapes after appeal and before final judgment in the Court of Criminal Appeals. It places no other limitation upon the allowance of the fee. But the appropriation Act of June 19, 1897, after appropriating the sum of $300,000 for each of the two years for the payment of fees and costs of sheriffs, clerks, and attorneys in felony cases, adds the following: "Nor shall the Comptroller approve the account of any sheriff for conveying a convict from the penitentiary to any county for trial on a felony charge, which if convicted would receive a sentence concurrent with the sentence he was already serving; nor shall such attorneys, clerks, or sheriffs be entitled to fees and costs in more than one case, where the defendant is convicted in two or more cases, unless the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate; nor shall the district judge approve accounts for such fees and costs." It is conceded that if this provision be valid, the relator is not entitled to a writ of mandamus; but his contention is that the provision is void because it conflicts with section 35 of article 3 of the Constitution. That section reads as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." It is ingeniously argued that the intent of the provision in question is to change the laws in regard to the fees and costs in such cases, and that such purpose is not germane to an act making an appropriation for the support of the State government, and relates to a subject

not embraced in the title of the act. If such were the proper construction of the provision in question, it may be conceded that it would be in conflict with the Constitution and could not be upheld. But the provision under consideration does not purport to change the laws existing at that time which provide what fees the officers therein named shall receive from the State. It simply acts upon the appropriation for the two years beginning March 1, 1897, and limits the payment of fees in felony cases to convictions in which the term of the sentence is not made to run concurrent with the term of a previous sentence. There is nothing in the Constitution which prohibits the Legislature from limiting any appropriation by any apt words expressive of their intent. Should they even fail to appropriate a salary fixed by the Constitution, the officer affected by it is without remedy before the courts. However clear and however just the demand against the State, without an appropriation the Comptroller is not authorized to draw his warrant for its payment; and when the Legislature says that a certain class of claims shall not be paid from an appropriation, they are excepted from the appropriation and can not lawfully be paid from the treasury. It would seem that when the Legislature is of opinion that the compensation fixed by law for the services of an officer is excessive, they should amend the law and reduce it, but that until so reduced they should make appropriation for the compensation which the law provides. But should they fail to do this, it is simply a case in which the officer has a legal right but no remedy except an application to another Legislature. Under our Constitution, without an appropriation, no money can be drawn from the treasury.

If the provision we have had under consideration be capable of two constructions, one of which would conflict with the Constitution and the other of which would be in accord with it, the latter should prevail.

We would not be understood to intimate that the relator is lawfully entitled to the fees for which he here seeks to compel the issue of a warrant upon the treasury. It is not necessary to decide that question in order to determine this case. We merely decide that the Legislature has excluded such fees from the appropriation, and that therefore the Comptroller can not be compelled to draw his warrant therefor.

For the reasons given, the writ of mandamus is refused.

*Mandamus refused.*