

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 29, 1957

Honorable Raymond W. Vowell
Acting Executive Director
Board for Texas State Hospitals
  and Special Schools
Austin, Texas

Opinion No. WW-249

Re: Whether the various State Hos-
pitals may furnish food, lodg-
ing and laundry to its employ-
ees and charge therefor in
accordance with Section 3 of
Article II of House Bill 133,
Acts 55th Legislature, Regular
Session, chapter 385, page 925,
and related question.

Dear Mr. Vowell:

Your request for an Opinion, dated August 20, 1957, submits the following two questions for our consideration:

1. May a State hospital furnish food, lodg-
ing and laundry to its employees and charge for
same in accordance with Section 3 of Article II
of House Bill 133, Acts 55th Legislature?

2. If in your opinion the foregoing question
should be answered in the affirmative, then is
that part of Section 3 of Article II of House Bill
133, which re-appropriates monies collected for
these services to the item "other operating ex-
penses" valid?

Your letter points out that the Comptroller of Pub-
lic Accounts has taken the position that the matter of furn-
ishing and charging for meals by the various hospitals under
your Board's jurisdiction is properly a subject for general
legislation and that the Board for Texas State Hospitals and
Special Schools obtains no authority with respect thereto by
reason of a special provision in the Biennial Appropriation
Bill for the ensuing Biennium. You further state that if the
interpretation of the Comptroller of Public Accounts is correct

the entire hospital system of Texas will be deprived of approximately $800,000.00 in operating funds during the next biennium.

Section 3 of Article II of House Bill 133, Acts 55th Legislature, Regular Session, Chapter 385, at page 925 (same being a part of the Biennial Appropriation Act) provides as follows:

"Services to employees and guests.  In order to reimburse equitably the appropriation items in this Article from which expenditures are made for services to employees and guests, the following reimbursement rates and rules shall apply:

"Services furnished by the institutions to employees shall be valued at not less than the following:

"$30 per month for meals for adults
$15 per month for meals for children, ages 2 through 15
$ 5 per month for laundry
$15 per month for lodging, excluding medical personnel of hospital system
$15 per month per room for the first room for lodging of medical personnel of hospital system and $10 per month per room for each additional room

"Collection for services rendered employees and guests shall be made by a deduction from the recipient's salary or by cash payment in advance. Such deductions and other receipts for these services from employees and guests are hereby reappropriated to the 'Other Operating Expenses' of the institution. Refunds for excess collections shall be made from the appropriation to which the collection was deposited.

"Employees residing away from the grounds of the institutions in which they are employed shall pay cash for only such meals at the institutions as they may actually take, and there shall be no deductions from the regular salary payment due employees of the respective institutions for institutional services or emoluments not actually received by said employees."

General legislation constitutes a separate subject and cannot be included within a general appropriation bill. Article III, Section 35 of the Constitution of Texas; Moore et al v. Sheppard, 144 Tex. 537, 192 S.W.2d 599; Attorney General's Opinion WW-96 (1957). A rider attached to a general appropriation bill cannot repeal, modify or amend an existing general law. Conley v. Daughters of the Republic, 151 S.W. 877; Linden v. Finley, 92 Tex. 451, 49 S.W. 578. See page 10 of Attorney General's Opinion No. V-1254 for numerous Attorney General's Opinions so holding.

We must first consider whether Section 3 of Article II of the Biennial Appropriation Bill falls within the prohibitions of the foregoing rules.

We agree with the Comptroller of Public Accounts that the authorization for the various state hospitals to furnish the foregoing services and to make charges therefor must be given by general law and cannot properly be covered by a rider to the general appropriation bill. In this connection, there is no statutory or constitutional provision which specifically supplies such authorization. It remains for us to consider whether such authorization may reasonably be implied from the various general statutes concerning the establishment and operation of the affected institutions.

Article 3174b of Vernon's Civil Statutes creates the Board for Texas State Hospitals and Special Schools, and Section 2 thereof prescribes the duties of the Board in the following terms:

". . . Effective September 1, 1949, the control and management of, and all rights, privileges, powers, and duties incident thereto . . . of the Texas State Hospitals and Special Schools which are now vested in and exercised by the State Board of Control shall be transferred to, vested in, and exercised by the Board for Texas State Hospitals and Special Schools. . . ."

Section 5 of said Article provides:

". . . The Board shall have the authority to promulgate such rules and regulations as it deems proper for the efficient administration of this Act. . . ."

An examination of the various legislative enactments providing for the establishment and operation of the several

institutions now under the jurisdiction of the Board reveals
that such statutes generally do little more than to set forth
the purposes of each institution in the most general terms.
It is readily apparent that if the Board in the administra-
tion of the affairs of the various institutions was restricted
to the exercise of only those powers specifically enumerated
by general legislation, it would be without power to attain
its statutory purposes.  The Legislature has vested "control
and management of, and all rights, privileges, powers and du-
ties incident thereto" in said Board.  This is a clear indi-
cation of legislative intent that the Board for Texas State
Hospitals and Special Schools should be vested with authority
to determine, by the exercise of sound discretion in the light
of prevailing circumstances, what powers must be exercised and
duties performed by said Board in the proper and efficient
accomplishment of the legislative mandate, subject to the quali-
fication that there must be a reasonable relationship between
the activity undertaken and the statutory purposes of the par-
ticular institution.

It is our understanding that the furnishing of meals,
laundry, services, etc., to employees and guests is not treated
by the Board as a commercial or profit-making venture, but to
the contrary, it is undertaken as a function incidental to and
reasonably necessary for the proper administration of the state
hospital system.  As you have pointed out in your letter, many
of the state hospitals are many miles from town, and private
facilities which supply the questioned services are not con-
veniently available.

In view of the foregoing, it is our opinion that Sec-
tion 3 of Article II of the general appropriation act, is in
all respects a legitimate and constitutional exercise of leg-
islative authority.  The authorization to the Board for Texas
State Hospitals and Special Schools to furnish the questioned
services to employees and guests is not derived from this sec-
tion of the general appropriation bill, but from the general
laws, as above set forth, pertaining to the operation of the
state hospitals.  In fact, the general appropriation bill does
not purport to be the source of such authority, but to the con-
trary, we think that the language used therein indicates recog-
nition by the Legislature that such authority exists independ-
ently of said provision.

We believe that under the circumstances, Section 3
of Article II, could properly specify the amount to be charged
for each item of service and reappropriate the amount collected
to the "Other Operating Expenses" of the particular institution
involved.  Although the latter are matters not covered by gen-
eral law, we think same are clearly matters necessarily connected

with and incidental to the appropriation and use of the funds and do not conflict with or amount to general legislation. Conley v. Daughters of Republic, supra.

You are therefore advised:

1. That the hospitals under the supervision and control of the Board for Texas State Hospitals and Special Schools may furnish food, lodging and laundry to its employees, where the Board in the exercise of sound discretion has determined that the furnishing of such services is incidental to and reasonably necessary for the proper and efficient administration and functioning of the respective hospitals. Charges shall be made for such services and the funds realized therefrom reappropriated and used in accordance with Section 3 of Article II of House Bill 133.

2. That portion of Section 3 of Article II of House Bill 133, which re-appropriates monies collected for these services to the item "Other Operating Expenses" is valid.

## SUMMARY

The Hospitals under the supervision and control of the Board for Texas State Hospitals and Special Schools may furnish food, lodging and laundry to its employees, where the Board in the exercise of sound discretion has determined that the furnishing of such services is incidental to and reasonably necessary for the proper and efficient administration and functioning of the respective hospitals. Charges shall be made for such services and the funds realized therefrom appropriated and used in accordance with Section 3 of Article II of House Bill 133, Acts 55th Legislature, Regular Session, 1957, Chapter 385, at page 925.

That portion of Section 3 of Article II of House Bill 133, which re-appropriates monies collected for these services to the item "Other Operating Expenses" is valid.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:jl:wb

Honorable Raymond W. Vowell, page 6    (WW-249)


APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Howard Mays
Sam Lane
James W. Wilson

REVIEWED FOR THE ATTORNEY GENERAL

BY:        Geo. P. Blackburn