

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 24, 1965

Hon. W. S. Heatly, Chairman
Appropriations Committee
House of Representatives
Austin, Texas

Opinion No. C- 447

Re: Validity of a "rider" in
the General Appropriation
Bill to authorize and re-
quire pre-audit procedures
by the Comptroller of Pub-
lic Accounts of claims
against the State.

Dear Representative Heatly:

Your request for an opinion reads as follows:

"House Bill No. 12, 59th Legislature, 1965,
the General Appropriations Bill for the 1966-
1967 biennium, contains the following provis-
ions (in Article 5, Section 57, INTERPRETATION
OF LEGISLATIVE INTENT): 'It is specifically pro-
vided, however, that none of the monies appro-
priated by this Act may be expended to pay the
claim of any person against the State unless and
until such claim has been pre-audited by the
Comptroller of Public Accounts, and no claim
shall be approved by the Comptroller for payment
from the appropriations made herein except it be
for an authorized public purpose for which an ap-
propriation has been made. "Pre-audit" as used
in this paragraph shall mean an examination of a
claim prior to payment for its validity, accuracy
of facts, and availability of appropriation. In
such pre-audits of claims properly submitted to
him, the Comptroller shall make such individual
fact finding as he deems necessary to safeguard
the rights of the State and to comply with Legis-
lative intent as evidenced by this paragraph. It
is also the intent of the Legislature that State
agencies for which appropriations are made by this
Act shall assist the Comptroller in such pre-audits

by furnishing him with records, information, and other data necessary to audit properly any claim against the appropriation herein made. However, nothing in this paragraph shall be construed to give the Comptroller the right to refuse to pass for payment a legal claim, factually justified, for which a valid appropriation has been made.' This provision incorporates the intent of Senate Bill No. 233 which failed to pass in the House of Representatives during this session.

"The Committee on Appropriations has requested me to ask for your opinion as to the constitutionality of the provision. Is such a provision germane to an appropriations bill? Does it attemot to con dition or limit the expenditure of funds, or does it attempt to amend pre-existing law?"

In determining the validity of the proposed language of a "rider" as set out in your request, we are governed by the principles of law announced in the authorities cited in Attorney General's Opinion C-443. It was stated in Attorney General's Opinion C-443:

"It is well established that general legislation cannot be included within a general appropriation bill. Moore v. Sheppard, 144 Tex. 537, 192 S.W. 2d 599 (1946); Attorney General's Opinions V-1254 (1951) and WW-96 (1957). In addition, it is also well established that a 'rider in a general appropriation bill cannot repeal, modify or amend an existing general law. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913); Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); State v. Steele, 57 Tex. 203 (1882); Attorney General's Opinions Nos. V-1254 (1951) and WW-96 (1957).

" . . .

"In view of the foregoing authorities, we are of the opinion that the 'rider' appearing in the General Appropriation Bill, House Bill 12 of the 59th Legislature, at Section 4, page V-33, which would purport to provide for the mandatory retirement at age seventy (70) of statutory officers and employees of the State of Texas is invalid for the reason that such 'rider' would have the effect of repealing or modifying the provisions of Article 6252-14. In addition to the foregoing, we are of the further opinion that the aforesaid 'rider' falls

within the classification of being general legislation and is, therefore, not properly included within a general appropriation bill."

Under the existing provisions of the Constitution and statutes of the State, valid and legal obligations of the State are required to be paid from appropriations made for the purpose of paying such claims. In other words, if a claim against the State of Texas is supported by pre-existing law in compliance with Section 44 of Article III of the Constitution of Texas, and there are available valid appropriations from which such claim may be paid, the Comptroller of Public Accounts is required to issue a warrant to pay such claim when presented to the Comptroller.

The procedure of the Comptroller in auditing claims and issuing warrants in payment of such claims is prescribed in Article 4357, Vernon's Civil Statutes. The provisions of Article 4357 do not provide for a pre-audit as defined in the language set out in your request and this office has been unable to find any constitutional or statutory provision requiring the Comptroller to determine "the accuracy of facts" contained in a claim presented to the Comptroller for payment. In Attorney General's Opinion C-69 (1963) it was stated:

"In passing upon the authority of the Texas Youth Council to procure rent housing for such business managers under a similar legislative mandate, Attorney General's Opinion WW-760 (1959) stated:

"'Since your opinion request states that no housing is available at the Crockett School, and the Legislature did not specify that a house was to be built by the Texas Youth Council, and did not provide funds for erecting a building, and it is clear that it intended that the Business Manager of Crockett School was to be housed at the State's expense, it is our opinion that the Texas Youth Council may provide a house for the Business Manager of this School by paying a reasonable amount of rent for such housing.

"'The question as to the Comptroller's authority to issue warrants in payment of such rent is also answered in the affirmative. The Comptroller has only the ministerial duty of issuing the State warrants.' (Emphasis added)."

Therefore, the language contained in the proposed "rider" set out in your request would modify or amend the existing general law providing for the auditing of claims and the issuing of warrants by the Comptroller of Public Accounts. Furthermore, such language, in our opinion, falls within the classification of being general legislation and therefore is not properly included within a general appropriation bill.

## SUMMARY

A proposed "rider" to provide for "pre-audit" procedures by the Comptroller of Public Accounts of claims against the State of Texas, whereby the Comptroller is required, among other things, to determine "the accuracy of facts" contained in such claim, modifies existing statutory provisions regarding the auditing of claims and the issuance of warrants and constitutes a subject for general legislation and is therefore invalid, since such provisions cannot properly be included within a general appropriation bill.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Brady Coleman
W. O. Shultz
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone