

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 5, 1971

Dr. David Wade, Commissioner
Texas Department of Mental Health
    and Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. M-919

Re: Certain aspects of a group
    insurance program which
    a department may contem-
    plate entering for its
    employees, both regular
    and retired.

Dear Dr. Wade:

    We quote below the information and questions submitted to
this office in your recent request for a departmental opinion.

    "Your attention is directed to that part of Section
10, Article V, of Senate Bill 11, Acts of the 62nd Legis-
lature, Regular Session, 1971, which reads as follows:

    'State departments and agencies covered by this
    Act (Articles I through VI) shall utilize funds
    other than those for personal services, from any
    item which includes operating expenses to pay
    employee premiums on policies containing group
    life, health, accident, accidental death and
    dismemberment, disability income replacement and
    hospital, surgical and/or medical expense insur-
    ance. The dependents of such employees may be
    insured under group policies which provide accidental
    death, accident, hospital, surgical and/or medical
    expense insurance. Payment by the state from the
    designated funds on any policy or policies shall be lim-
    ited  to twelve dollars and fifty cents ($12.50) per
    month per full-time employee. It is further provided
    that agencies shall cooperate so that employees from
    more than one agency may be combined under one group

-4480-

policy and that said policy may be held jointly by two or more agencies and paid from funds appropriated to the agencies for payment of employee insurance premiums as set out above.'

"This Department anticipates entering into a group insurance program whereby its employees who work at least twenty hours per week for the Department are eligible for coverage. Besides full-time employees, this Department employs persons on a permanent part-time basis who are paid either by salary or by the hour. The Department also hires individuals on a temporary or seasonal basis, that is, such individuals are employed to work only during a part of the year. During their employment such temporary/seasonal employees work either full-time or part-time and are paid either by salary or by the hours. Further, certain of this Department's employees are paid in whole or in part from grant funds received by the Department from such sources as the Federal government or private foundations.

"The above quoted portion of Senate Bill 11, Acts of the 62nd Legislature, Regular Session, 1971, has raised a number of questions regarding this Department's contribution to employee group insurance premiums. Wherefore, your opinion and advice with respect to the following questions is respectfully requested:

"1.   Is this Department authorized to utilize appropriated funds to pay premiums on policies of group insurance for: (a) its part-time employees; (b) its temporary/seasonal employees?

"2.   Is this Department required to utilize appropriated funds to pay premiums on policies of group insurance for: (a) its part-time employees; (b) its temporary/seasonal employees?

"3.   If your answer to either part of question No. 1 or question No. 2 is in the affirmative,

then what formula should be used to determine the proper amount of appropriated funds to be expended on insurance premiums for such employees?

"4.  Is this Department required to pay the group insurance premium up to a maximum of $12.50 per month for each full-time employee?

"5.  If your answer to question No. 4 is in the negative, then what formula should be used to determine the proper amount of appropriated funds to be expended on insurance premiums for each such full-time employee?

"6.  Is there an over-all total amount of appropriated funds that this Department may expend for all employee premiums on group insurance?

"7.  If the answer to question No. 6 is in the affirmative, then in what manner is such over-all total amount to be calculated?

"8.  Are Department employees eligible to receive a premium contribution from State appropriated funds if: (a) they are paid in whole from grant funds; or (b) they are paid in part from grant funds and in part from State appropriated funds.

"9.  If one employee of this Department is covered under the insurance policy of a second employee of this Department, is the first employee entitled to the appropriate premium contribution by this Department?

"10. If one employee of this Department is covered under the group insurance policy of an employee of another State department or agency, is the employee of this Department entitled to the appropriate premium contribution by this Department?"

Dr. David Wade, page 4          (M-919)


The paragraph that you have quoted from Section 10, Article V, of Senate Bill No. 11 is a rider to the General Appropriation Act. Attorney General's Opinion No. V-1254 (1951) in its summary, makes the following statement of the law relating to riders on appropriation bills:

> "In so far as Section 35 of Article III of the Texas Constitution is concerned, in addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure to various departments and accounts, a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and provided they do not conflict with general legislation."

In our opinion the quoted rider is intended to detail, limit, or restrict the use of appropriated funds, and is connected with and incidental to the appropriation. It is therefore valid unless it is, or conflicts with, general legislation.

We are of the opinion that the rider conflicts with general legislation only to the extent later noted in this opinion and is a valid restriction on the expenditure of appropriated funds.

The statutory authority for a State department or agency to contribute to insurance premiums for their employees is found in Articles 3.50 and 3.51 of the Texas Insurance Code.* Article 3.50 deals with group life insurance and Article 3.51 relates to policies of group health, accident, accidental death and dismemberment, disability income replacement and hospital, surgical and/or medical expense insurance.


*All Articles cited are Vernon's Texas Insurance Code, unless otherwise stated.

Question No. 1 inquires whether your department is _authorized_ to utilize appropriated funds to pay premiums on policies of group insurance for:  (a) its part-time employees; (b) its temporary/seasonal employees.

In our opinion such life insurance as you elect to offer your employees _must_ be _available_ to _all_ employees, part-time, temporary and seasonal.  Section 1(3)(a) of Article 3.50 reads as follows:

> "(a) The persons eligible for insurance under the policy shall be _all_ of the employees of the employer or if the policyholder is an association, _all_ of the members of the association." (Emphasis supplied.)

On the other hand you may include or exclude part-time or seasonal employees as to the insurance authorized by Article 3.51 of the Insurance Code.

Section 1(a) of Article 3.51 reads in part as follows:

> "...are authorized to procure contracts with any insurance company authorized to do business in this state insuring their respective employees, or if an association of public employees is the policyholder, insuring its respective members, _or any class or classes_ thereof under a policy or policies of group health, accident, accidental death and dismemberment, disability income replacement and hospital, surgical and/or medical expense insurance..." (Emphasis supplied.)

Question No. 2 inquires whether your department is _required_ to utilize appropriated funds to pay premiums on policies of group insurance for (a) its part-time employees and (b) its temporary/seasonal employees.

In our opinion you are not required to pay premiums for any of your employees.  The statutes authorizing employer contributions, Articles 3.50 and 3.51, are permissive.  We do not construe the word "shall" in the first sentence of the paragraph quoted from Section 10, Article V of Senate Bill 11 to make state contribution mandatory.  We think "shall" is mandatory only in designating the funds from which any contribution must be made.

On the other hand, if you do elect to provide _life_ insurance for your employees, then you are required to make it available to all employees. You may set up eligible classes for the _other_ coverages authorized by Article 3.51. See our answer to your first question.

Question No. 3 inquires as to a formula for determining your contribution for part-time or seasonal employees. We think the creation of a reasonable formula under the circumstances presented is a matter within the discretion and province of the particular department. We think you would be on firm ground if you used the amount expended for full-time employees as a guide line for a proportional formula.

Questions Nos. 4, 5, 6 and 7 are answered together. Neither Article 3.50, Article 3.51, nor the rider places a minimum or a maximum on the contribution that a department may make to the cost of premiums on an individual employee. To the contrary, both statutes in the Insurance Code expressly provide that the premiums "...may be paid in whole or in part from funds contributed by the employer." We think the rider does restrict the overall contribution that a department may make in a month to a figure reached by multiplying $12.50 by the number of full-time employees on the departmental payroll. The rider could not under Section 35 of Article III of the Constitution amend or alter general legislation, but the Legislature has the power to restrict available appropriated funds. Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1889). The formula that you use in allocating expenditures, within your overall limit, for each employee will be determined by the terms of the contracts which you are able to negotiate.

Your department is further restricted by the rider in that it may expend for premiums only funds _other_ than those for personal service, and from items which include operating expenses.

Question No. 8 is answered in the affirmative as to both parts. Your question indicates that the persons involved are departmental employees, and not employees of the granting agency. You have advised us, in fact, that all payroll records for those persons are handled by your department or a local institution, and that those persons are members of the Employees Retirement System of Texas. Such being the case, the department is authorized

to make the same contribution to insurance policies for them that it is authorized under Articles 3.50 and 3.51 of the Texas Insurance Code to make for any of its other employees. The department has the same interest in their morale and mental state that it has in its other employees. See Attorney General's Opinion No. M-125 (1967) quoting from Appleman's Insurance Law and Practice, Volume I, pages 53 and 54. Note that under the provisions of Section 10, Article V, of Senate Bill No. 11, the department does not make contributions for insurance premiums from funds for personal services.

Question No. 9 is answered in the negative. In our view, the Legislature intended that the department's contribution should be limited to a share of the cost of the premiums calculated for an employee and his dependents. An additional contribution on the grounds that a dependent is also an employee would cause the department to contribute a disproportionate part of the premium in terms of contribution for other employees.

If each employee here involved is eligible for coverage in his own name under your group policy, however, we see no reason that a contribution could not be made to the cost of each employee's coverage. This assumes a separate certificate issued in the name of each employee.

Question No. 10 is answered in the negative. The authority for the department's contribution is found in Section 1(3) of Article 3.50 and in Section 1(a) of Article 3.51, Texas Insurance Code. These statutes provide for contribution by the employing department where the policy is "issued to" the department, or where the department procures the contract. We think it clear that the department is not authorized to contribute to the cost of premiums where the policy is not so issued or procured.

As in Question 9, however, if your employee is eligible for coverage under your group policy, the fact that he is covered as a dependent under another group would not preclude his receiving a contribution if a certificate is issued in his name in your group.

We think that in connection with your inquiry we should also discuss Section 3 of Article V, Senate Bill No. 11, the General Appropriation Act enacted by the 62nd Legislature, Regular Session, 1971

and    Subsection B of Section 9, added to Article 6228a, Vernon's Civil Statutes, by the same Legislature under Chapter 359 (Senate Bill No. 531, Section 11).

The cited Section 3, after providing for the transfer of funds to pay "the proportionate cost of premiums of policies containing Group Life, Health, Hospital, Surgical, and/or Medical Expense Insurance for retired employees and officials," further provides as follows:

> "...Payment by the State from the designated funds on Group Insurance policy or policies for retired employees shall be limited to the amount of payment authorized for active employees. Notwithstanding any other provisions of this Act, any department or agency for which funds in this Act are appropriated shall make such transfers of funds as are necessary, except from those funds appropriated for personal services, to pay premiums for insurance for retired employees and officials as authorized in this Act." (Emphasis supplied.)

Section 11 of S.B. 531 provided that, "The Board of Trustees shall adopt Rules and Regulations ... providing for the payment of not less than one-half (½) the premium cost of Group Life and Health coverage for all member retirees. Premium costs ... shall be based on rates not to exceed rates charged members of the Group Insurance Plan of department or agency from which the member retired..."

We think that the above cited statutes, together with the Appropriation Bill must all be read together in determining legislative intent. We are of the opinion that when so read they disclose a clear intent on the part of the Legislature to place the retired employee on equal footing with active employees as regards insurance benefits.

Section 3 provides that payment of premiums for retired employees shall be limited to the amount authorized for active employees. The same section refers to transfer of funds to pay premiums for insurance for retired employees "as authorized in this Act." The underscored language necessarily includes the

provisions of Section 10. The latter section authorizes an overall fund, calculated by multiplying $12.50 by the number of full-time employees, from which to pay premiums on all eligible employees. This is the concept of administering group insurance as authorized by the Legislature.

We have noted also that Subsection B provides that premium costs shall be based on rates not to exceed those charged members of the Group Insurance Plan from which the member retired.

In view of the above provisions of the statutes cited and the Appropriation Act, we have concluded that the statutes contemplate that a department will contribute to premiums for its retirees and that the overall sum will be determined by multiplying the number of retired persons in the group by not more than $12.50, and that the department may expend that sum in such a manner as in its best judgment accomplishes the purpose of these statutes for the benefit of its retired employees.

Subsection B provides that the department shall contribute not less than one-half the cost of premiums for retirees. That subsection, however, provides that premium costs shall be paid from the funds of the agency or department from which the member retired. That being true, the funds are appropriated funds, and are subject to such limitation on their expenditure as the Appropriation Bill may include. We think the provision in Section 3, Article V of the Appropriation Bill, that contributions to premiums for retired employees may not exceed the amount authorized for active employees, must prevail.

We have stated earlier that we think an exception must be made to our opinion that Section 10, Article V, of Senate Bill No. 11 is a valid rider to the General Appropriation Act. The exception is this: The portion of Section 10 quoted at the outset of this opinion provides, in part, that,

"...The <u>dependents</u> of such employees may be insured under group policies which provide <u>accidental death</u>, <u>accident</u>, hospital, surgical and/or medical expense insurance ..." (Emphasis supplied.)

Article 3.50, Section 1(3) of the Insurance Code provides life coverage for only the <u>employees</u> of a department. Article 3.51, Section 1(a) provides, in part, that,

"...The <u>dependents</u> of any such employees or association members, as the case may be, may be insured under group policies which provide <u>hospital, surgical and/or medical</u> expense insurance..."(Emphasis supplied.)

We are of the opinion, therefore, that the above cited rider is invalid to the extent that it would authorize a contribution to provide for dependents accidental death and accident insurance not included in hospital, surgical and/or medical expense insurance. Such provision for additional coverage not authorized by general statutes would be general legislation, would create a conflict with existing general legislation, and is therefore invalid. Attorney General's Opinions Nos. 2965 (1935) and V-1254 (1951); <u>Moore v. Sheppard</u>, 144 Tex. 537, 192 S.W.2d 559 (1946).

### S U M M A R Y

State Departments are authorized to utilize appropriated funds to pay premiums or policies of group insurance for: (a) its part-time employees; and (b) its temporary/seasonal employees.

The only mandatory feature of departmental contributions is that if the department elects to provide life insurance for any employees, then the same contribution must be available to all employees.

The amount expended for part-time and seasonal employees in proportion to that expended for full-time employees is within the discretion of the department.

The overall contribution that a department may make in a month to insurance premiums for its employees is limited to an amount reached by multiplying $12.50 by the number of full-time employees on the department's payroll. Neither statute nor rider limits the amount that may be contributed to premiums for an individual employee. Each department is, however, restricted by rider to the funds appropriated for other than personal services, and from items which include operating expenses.

Departmental employees are eligible to receive a premium contribution from State appropriated funds even though paid in part or in whole from grant funds.

An employee of any department who is covered by the insurance policy of a second employee of the department is not thereby entitled to a premium contribution by the department.

An employee of a department covered under the group insurance policy of an employee of another state department or agency is not thereby entitled to a premium contriubtion by that department.

Section 10, Article V, of Senate Bill No. 11, Acts of the 62nd Legislature, Regular Session, 1971, is invalid to the extent that it would authorize a department of the State to contribute to the premium for accidental death and accident insurance for dependents of departmental employees.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Dr. David Wade, page 12         (M-919)


Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor Chairman
W. E. Allen, Co-Chairman
Roger Tyler
Jack Goodman
Houghton Brownlee
Mel Corley

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant