

# The Attorney General of Texas

July 10, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Stephen Davidchik
Grayson County Attorney
Grayson County Courthouse
Sherman, Texas 75090

Opinion No. H- 1205

Re: Whether state funding for county school administration is terminated at the end of current terms.

Dear Mr. Davidchik:

You ask two questions about state funding for county school administration. You first ask:

> Does section 17.94 of the Texas Education Code terminate all state funds for the offices of county school administrations, effective December 31, 1978, in counties with at least one common school district?

Section 17.94 of the Education Code, enacted in 1975 as part of House Bill 226, reads as follows:

> After December 31, 1978, no state funds shall be used to support the offices of county school superintendent or ex officio county school superintendent or a board of county school trustees or a county school board in counties with no common school districts, rural high school districts, or independent districts with less than one hundred fifty (150) ADA, but the offices and boards may be supported by ad valorem tax revenue generated in accordance with the provisions of Chapter 18 of this code, or by funds provided by the school districts in accordance with the provisions of a voluntary contract as provided in Section 17.98 of this Chapter.

(Emphasis added).

In Attorney General Opinion H-1136 (1978) we discussed the legislative intent underlying House Bill 226. As introduced, House Bill 226 would have terminated state funding for all county school administrations. It thus would have barred the appropriation of any state money to support county administrations. See Tex. Const. art. 3, § 44. However, amendments to House Bill 226 limited its application to "counties with no common school districts, rural high school districts, or independent districts with less than one hundred fifty (150) ADA." Thus, in counties with even one of the enumerated districts, the legislature is not barred by section 17.94 from appropriating money to support the county school administration. These counties remain under the provisions of sections 17.09 and 17.51 of the Education Code, which expressly provide for the payment of county school trustees and superintendents from the available school fund. Section 17.94 of the Texas Education Code therefore does not terminate all state funds for county-school administration in counties with at least one common school district.

Your second question concerns the validity and constitutionality of provisions of the current appropriations act. The following line item was included in the appropriation to the Texas Education Agency:

> 17.    County Administration (from        3,800,000    1,100,000
>       Available School Fund)

General Appropriations Act, Acts 1977, 65th Leg., ch. 872, at 3001. The following rider limits this line item:

> It is the intent of the Legislature that the funds in the
> Item County Administration (from Available School Fund)
> for the fiscal year ending August 31, 1979, shall only be used
> until the current terms of those now in office expire.

Id. at 3011. Most terms will expire on December 31, 1978. We agree with you that these provisions of the appropriation act effectively cut off state funding for county school administration in virtually all counties for the period from January 1 to August 31, 1979. We believe the specific sum appropriated for county school administration represents a ceiling on the amount that can be used for that purpose. We note that another rider appropriates the balance of the Available School Fund:

> For the purposes provided by law there is appropriated for
> the biennium ending August 31, 1979, to the State Board of
> Education, all income to and balances in the Available
> School Fund and the State Textbook Fund, except as
> otherwise appropriated by this Legislature, to be expended
> and distributed in accordance with the laws of this State.

Id. at 3002.  Although this provision could be interpreted as appropriating funds to pay salaries of county superintendents and trustees in counties unaffected by section 17.94, we do not believe the legislature intended it to supplement the specific line item.  But see Attorney General Opinions H-1035 (1977); M-1281 (1972).

You suggest that the legislature, in limiting the appropriation to current terms, has violated article 3, section 44 of the Texas Constitution.  This section provides in part:  "The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution. . . ."  This language relates to fixing the amount of compensation. See Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. — Amarillo 1971, writ ref'd n.r.e.).  See, e.g., Ed. Code, SS 17.09, 17.51, 17.52 (statutes fixing compensation of county school administrators.)  It has not been interpreted to require the legislature to appropriate money for payment of the salaries it sets.  Other provisions of article 3, section 44 bar the legislature from appropriating money to any person unless preexisting law authorizes the appropriation.  See Fort Worth Cavalry Club, Inc. v. Sheppard, 83 S.W.2d 660 (Tex. 1935). We believe that the quoted language of article 3, section 44 merely directs the legislature to enact general laws relating to compensation, which will provide preexisting law for an appropriation.

We do not believe the rider represents an attempt to repeal general law by the appropriations act in violation of article 3, section 35 of the constitution. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946).  In Linden v. Finley, 49 S.W. 578 (Tex. 1899), the Supreme Court considered an appropriations act provision which forbade the payment of officer's fees under circumstances where general law allowed them.  The court determined that the appropriations act did not change general law but merely limited payment of fees during the term of the act.  In our opinion, the rider limiting funding for county school administration does not attempt to repeal general law.  It validly directs the expenditure of appropriated funds and thus does not violate article 3, section 35.  See Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975).

We believe the appropriation act provisions you inquire about are constitutional and valid.  Thus, at the end of current terms, there will be no appropriation earmarked for the support of county administrations that continue to exist.  See also Attorney General Opinions H-1008 (1977); H-507 (1974); V-113 (1947).

### S U M M A R Y

Section 17.94 of the Education Code does not terminate state funding for county school administrations in counties with one common school district, one rural high school

district, or one independent district with less than one hundred fifty scholastics. Such counties are still under the provisions of sections 17.09 and 17.51 of the Education Code. The appropriation act provisions which terminate support of all county administrations at the end of current terms are constitutional and valid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn