

# The Attorney General of Texas

November 10, 1981

Overruled By:

# _____ JM-167 _____

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Evans N. Wentz
Executive Director
State Commission for the Blind
314 West 11th Street
Austin, Texas 78711

Opinion No. MW-389

Re: Legality of rider to appropriation for State Commission for the Blind

Dear Mr. Wentz:

You have requested our opinion regarding the validity of a rider to the recent appropriation to the State Commission for the Blind. Acts 1981, 67th Leg., ch. 875, at 3553. The rider provides in pertinent part:

> It is the intent of the Legislature that out of funds appropriated above in item 5.a. Vocational Rehabilitation an amount not to exceed $277,000 each fiscal year shall be expended for entering into a contract with the Texas Lions League or a similar organization to provide rehabilitative services to blind adults at the Texas Lions Camp for Crippled Children at Kerrville or a similar facility located outside Austin.

You suggest that this rider is violative of article III, section 35 of the Texas Constitution, which the Texas Supreme Court has long construed to prohibit the enactment of general legislation within a general appropriations bill. See Moore v. Sheppard, 192 S.W.2d 559, 561 (Tex. 1946).

It is well established that a rider to a general appropriations act is valid if its only effect is to "detail, limit, or restrict the use of the funds... therein appropriated." Attorney General Opinion V-1253 (1951). See also Moore v. Sheppard, supra; Linden v. Finley, 49 S.W. 578 (Tex. 1899); Attorney General Opinions MW-51 (1979); M-1199 (1972). A rider may not, however, repeal, modify or amend an existing general law.

In our opinion, the rider at issue here serves only to "detail, limit, or restrict the use of the funds" already appropriated. In

Attorney General Opinion MW-51, we considered the following provision of the 1979 General Appropriations Act:

> (47) The Texas Department of Human Resources is hereby authorized and directed to construct a state office building, in cooperation with the State Board of Control, consisting of NTE 530,000 gross square feet (400,000 net square feet). No General Revenue, Children's Assistance, or Medical Assistance funds may be used for this purpose.
>
> It is the intent of the Legislature that the building house the central administrative offices of both the Texas Department of Human Resources and the Texas Youth Council. Further, it is the intent of the Legislature that the building be constructed on State land currently owned by the Texas Department of Mental Health and Mental Retardation. The Board of Mental Health and Mental Retardation is hereby authorized and directed to transfer to the State Board of Control record title to a certain triangular-shaped tract of land 29 acres, more or less, in the north part of the City of Austin, bounded on the west by West Guadalupe Street and North Lamar Boulevard, on the north by 51st Street, on the east by Guadalupe Street and having the southern tip of the tract at the intersection of Guadalupe and West Guadalupe Streets, together with all records held by it concerning this tract.

Relying on the standard affirmed by the Texas Supreme Court in Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 599 (Tex. 1975), we said that the language of the rider:

> directs and qualifies the use of funds appropriated elsewhere.... It prohibits the use of certain categories of funds for construction of this building, and it effectively directs the use of funds appropriated in other portions of the Act.

Likewise, the rider to the appropriation for the State Commission for the Blind constitutes a limitation on the expenditure of funds appropriated in item 5.a. In addition, by requiring the commission to enter the contract, the rider "effectively directs the use of funds."

As we have noted, a rider is invalid if it attempts to repeal, modify or amend an existing law. See, e.g., Attorney General Opinion MW-104 (1979). Section 91.052 of the Human Resources Code provides in pertinent part:

> (a) The commission [for the Blind] shall conduct a program to provide vocational rehabilitation services to eligible blind disabled individuals.
>
> (b) To achieve the purposes of the program, the commission may:
>
>> (1) cooperate with other public and private agencies in studying the problems involved in providing vocational rehabilitation and in establishing, developing, and providing necessary or desirable facilities and services....

The statute places the decision to "cooperate with other public and private agencies" within the commission's discretion. The rider qualifies, but does not remove, that discretion. The commission remains at liberty to determine the amount of the contract, up to $277,000; it retains a choice of parties with whom to contract; and it retains a choice of facilities. In our opinion, the rider is virtually declaratory of existing law and does not repeal, modify or amend section 91.052 or any other statute. We conclude that the rider is not violative of article III, section 35 of the Texas Constitution.

### S U M M A R Y

A rider to the appropriation for the State Commission for the Blind is not violative of article III, section 35 of the Texas Constitution.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin