

# The Attorney General of Texas

September 10, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Modified by

Mr. Jackie L. Vaughan
Executive Director
Texas Amusement Machine Commission
1106 Clayton Lane, Suite 108E
Austin, Texas 78723

Opinion No. MW-365

Re: Per diem of commissioners of Texas Amusement Machine Commission

Dear Mr. Vaughan:

Article 4413(41), V.T.C.S., established the Texas Amusement Machine Commission. Section 4 of that article previously provided that:

> All members of the Commission shall be compensated in an amount of Thirty-five Dollars ($35.00) per day for each day they are actually engaged in performing their duties whether or not in attendance at a meeting; provided, however, they shall not draw compensation for more than sixty (60) days in any one fiscal year. In addition to the per diem provided for herein, members of the Commission shall be reimbursed for their actual and necessary traveling expenses in the performance of their duties.

Senate Bill No. 486, which became effective September 1, 1981, amended section 4 to provide as follows:

> All members of the Commission shall be entitled to a per diem as set by legislative appropriation for each day they are actually engaged in performing their duties whether or not in attendance at a meeting; provided, however, they shall not draw compensation for more than sixty (60) days in any one fiscal year. A member may not receive any compensation for travel expenses, including expenses for meals and lodging, other than transportation expenses. A member is entitled to compensation for transportation expenses as prescribed by the General Appropriations Act.

With respect to the Texas Amusement Machine Commission, the General Appropriations Act, House Bill No. 656, provides in pertinent part that:

> The per diem for board members shall be actual expenses for meals and lodging plus an additional $75 for each day the member is engaged in official business of the Commission....

You are concerned about the conflict between section 4, as amended, and the foregoing provision of the General Appropriations Act. You ask:

> Are the Commissioners of the Texas Amusement Machine Commission only entitled to per diem and transportation expenses as stated in Senate Bill 486, or are they entitled to actual expenses for meals and lodging plus per diem as stated in the General Appropriations Act?

The legislative history of Senate Bill No. 486 indicates that no conflict with the General Appropriations Act would have arisen if the bill had been enacted in its original form. The original version of the bill amended section 4 to provide that commissioners shall be entitled to a per diem as set by the legislature rather than be compensated at the rate of $35 per day, but it left the language regarding reimbursement for commissioners' "actual and necessary traveling expenses" intact. The bill went through several changes, however, and the final version substituted the language that created the present conflict.

General legislation cannot be enacted in an appropriations bill. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Linden v. Finley, 49 S.W. 578 (Tex. 1899); Attorney General Opinions MW-340 (1981); H-268 (1974); M-1199 (1972). The general rules applicable in this area were stated in Attorney General Opinion M-1199, supra:

> An appropriation bill may detail, limit or restrict the use of funds therein appropriated or otherwise insure that the appropriated money will be spent for the purpose intended....A rider attached to the general appropriation bill cannot repeal, modify or amend an existing general law....If a bill does more than set aside a sum of money, provide the means of its distribution, and to whom it shall be distributed, then it is a general law....The distinction between a general appropriation bill and general legislation has been recognized in this state in the simple fact that the former merely sets apart sums of money for specific objectives and uses while the latter

does more than merely appropriate and limit the use of funds.

When tested under these rules, the General Appropriations Act provision can only be regarded as "general legislation" to the extent that it purports to authorize the payment of expenses which Senate Bill No. 486 expressly forbids, i.e., expenses for meals and lodging. Insofar as the bill and the General Appropriations Act provision cannot be reconciled, the former must automatically be deemed controlling. This is not an instance involving a conflict between two pieces of legislation standing on equal footing.

We therefore conclude that the commissioners of the Texas Amusement Machine Commission are governed by Senate Bill No. 486. Accordingly, they are entitled to the $75 per day (not to exceed 60 days in any one fiscal year) prescribed by the General Appropriations Act plus compensation for transportation expenses as prescribed therein.

### S U M M A R Y

Pursuant to Senate Bill No. 486, the commissioners of the Texas Amusement Machine Commission are entitled to the $75 per day prescribed by the General Appropriations Act plus compensation for transportation expenses as prescribed therein.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Bill Campbell
Rick Gilpin
Jim Moellinger