Mr. Kenneth H. Ashworth Commissioner Texas Higher Education Coordinating Board P.O. Box 12788 Austin, Texas 78711
Re: Eligibility for the Optional Retirement System, and related questions (RQ-1858)
Dear Mr. Ashworth:
On behalf of the Texas Higher Education Coordinating Board, you ask several questions relating to the construction and effect of a rider to the General Appropriations Bill enacted during the regular session of the 71st Legislature. The rider, found in article III of the Appropriations Act, provides the following:
 Sec. 31. TAMU SERVICES RETIREMENT AND BENEFITS. It is the intent of the Legislature that professional administrative, research and extension employees in higher education be eligible for the same retirement and benefit options as faculty of higher education.
Acts 1989, 71st Leg., ch. 1263, at 5677.
Your concern centers around the eligibility of the employees described in the rider to participate in the optional retirement system offered by state-supported institutions of higher education. Section 830.101 of the Government Code, formerly section 36.101 of title 110B, V.T.C.S., establishes eligibility criteria for participation in the optional retirement system:
 (a) The governing board of each institution of higher education shall provide an opportunity to participate in the optional retirement program to all faculty members in the component institutions governed by the board.
 (b) Eligibility to participate in the optional retirement program is subject to rules adopted by the Texas Higher Education Coordinating Board.
 (c) A person who before September 1, 1987, had chosen to participate in the optional retirement program and who was participating in the program on September 1, 1987, is entitled to continue to participate in the program until the person terminates participation as provided by Section 830.105(a).
For the purposes of this section, a faculty member is a person employed by an institution of higher education on a full-time basis as
 (A) a member of the faculty whose duties include teaching or research;
 (B) an administrator responsible for teaching and research faculty;
 (C) a member of the administrative staff of the Texas Higher Education Coordinating Board; or
 (D) a professional librarian, a president, a chancellor, a vice-president, a vice-chancellor, or other professional staff whose national mobility requirements are similar to those of faculty members and who fills a position that is the subject of nationwide searches in the academic community.
Gov't Code § 821.001(8).
Pursuant to section 830.101(b), the Coordinating Board has adopted a rule further defining the subgroups enumerated in section 821.001(8):
In accordance with [Gov't Code § 821.001(8)], governing boards shall use any of the following definitions of a full-time faculty member for determining eligibility for participation in the Optional Retirement Program.
 (1) A member of the faculty whose duties include teaching or research shall mean all persons whose specific assignments are made for the purpose of conducting instruction or research as a principal activity (or activities), and who hold titles of professor, associate professor, assistant professor, instructor, instructor [sic], lecturer, or equivalent faculty title.
 (2) An administrator responsible for teaching and research faculty shall mean deans, directors, associate deans, assistant deans, chairpersons, or heads of academic departments if their principal activity is planning, organizing, and directing the activities of faculty as defined in paragraph (1) of this section.
 (3) A member of the administrative staff of the Texas Higher Education Coordinating Board shall mean a member of the Texas Higher Education Board staff whose assignment would require college graduation and prior experience in higher education or experience of such kind and amounts to provide a comparable background, whose national mobility requirements are similar to those of faculty and who fills a position that is the subject of a nationwide search in the academic community.
 (4) A professional librarian, a president, a chancellor, a vice-president, a vice-chancellor shall mean a librarian with a degree in library science, presidents, chancellors, vice-presidents, vice-chancellors, deputy chancellors, associate and assistant vice-presidents, associate and assistant vice-chancellors, or the equivalent.
 (5) Other professional staff person shall mean administrative and professional positions that are generally and customarily recruited by advertising in national publications such as the Chronicle of Higher Education or in newsletters of national professional associations or at meetings of such associations. In addition, each administrative or professional position must be at a salary rate for faculty for the institution.
 (A) Administrative positions shall normally report to the office of a chancellor, president, vice-chancellor, vice-president, or dean. Incumbents of such positions serve as director or other administrative head of a major department or budget entity. Incumbents of such positions must be:
 (i) appointed by the governing board or the chief administrative officer of the institution, or his/her delegate; and
 (ii) responsible for the preparation and administration of the budget, policies, and programs, of the department or entity.
 (B) Professional positions shall include positions in nationally recognized fields which require advanced degrees and/or specialized professional or artistic training, experience, and achievement. These would include titles such as physicians, athletic coaches, engineers, and lawyers.
19 T.A.C. § 1.6.
The rider in question appears to expand the class of employees eligible to participate in the optional retirement program beyond that authorized by section 830.101. It is this apparent conflict in expressions of legislative intent that prompts your questions.
You ask the following questions:
 1. Does [article III] section 31 of the appropriations bill or [section 830.101 of the Government Code] govern eligibility for the Optional Retirement Program; or do they both apply?
 2. If only [section 830.101] applies, is section 31 considered moot?
 3. If only section 31 applies, is [section 830.101] considered moot, and does each institution have authority to interpret the language of section 31?
 4. If both section 31 and [section 830.101] apply, how is Optional Retirement Program eligibility to be determined when there are differences in the interpretation of the two provisions?
 5. Finally, since the caption for section 31 reads `TAMU SERVICES AND BENEFITS,' does this section apply only to Texas A M University, or to all institutions, including universities, medical schools, technical institutes and junior/community colleges?
A rider to an appropriations bill is scrutinized in light of article III, section 35, of the Texas Constitution, which provides the following in pertinent part:
 (a) No bill, (except general appropriations bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.
The appropriation of funds from the state treasury is considered a single subject for the purposes of this provision, despite the apparent exception for general appropriations bills. Jessen Assoc., Inc. v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975) (and cases cited therein).
A valid rider may detail, limit, or restrict the use of appropriated funds. Attorney General Opinion V-1254 (1951). A rider that qualifies or directs the use of appropriated funds or that is merely incidental to an appropriation is valid. Jessen Assoc., Inc., supra, at 599. So, too, is a rider that merely implements or is declarative of existing general law. See Attorney General Opinions JM-786 (1987); JM-343 (1985).
A rider may not, however, embody matters of general legislation. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); see also Attorney General Opinions MW-585 (1982); MW-51 (1979). A rider that attempts to alter existing substantive law is a matter of general legislation that may not be included in a general appropriations act. Strake v. Court of Appeals, 704 S.W.2d 746 (Tex. 1986). Thus, a rider that amends, modifies, repeals, or conflicts with existing general law or that attempts to nullify a constitutional provision other than article III, section 35, is invalid. See id.; Linden v. Finley, 49 S.W. 578 (Tex. 1899); see also Attorney General Opinions JM-885 (1988); H-1158 (1978); M-1199 (1972); V-1254 (1951).
With respect to the powers of state agencies, a rider to an appropriations bill may not confer a power on an agency that it does not possess under general law. See Attorney General Opinion C-447 (1965). A rider may not make mandatory that which general law makes discretionary. Attorney General Opinions JM-167 (1984);MW-104 (1979); C-119 (1963). As to the eligibility of state employees for certain benefits, this office has concluded that a rider may set forth eligibility criteria in the absence of statutory criteria, but it may not establish criteria that conflict with general law. See Attorney General Opinion JM-407
(1985).
Section 830.101 of the Government Code provides only that "faculty members," as that term is defined in section 821.001, are eligible to participate in the optional retirement program, subject to rules adopted by the Texas Higher Education Coordinating Board. Rider 31, meanwhile, would permit "professional administrative, research, and extension employees in higher education" to participate in the optional retirement plan, as well as allow them to receive the same benefit options as faculty members. It gives no precise definition of the class of employees it covers, and may thus be susceptible to the kind of contradictory and open-ended interpretations you ask about in your third and fourth questions. Rider 31 may therefore be viewed as an attempt to amend section 830.101 of the Government Code. It may also be perceived as an attempt to dislodge the discretion conferred by section 830.101 upon the Texas Higher Education Coordinating Board to further refine the eligibility criteria. For these reasons, we conclude that rider 31 of article III of the General Appropriations Act for the 1989-1991 biennium embraces matters of general legislation and is therefore invalid under article III, section 35, of the Texas Constitution. Strake, supra; Jessen Assoc., Inc., supra; Moore, supra.
In answer to your first question, we conclude that section830.101 of the Government Code governs eligibility to participate in the optional retirement program established by chapter 830 of the code. Rider 31 of article III of the General Appropriations Act for the 1989-1991 biennium is invalid to the extent it attempts to expand the class of employees eligible to participate in the optional retirement program beyond that authorized by section 830.101 and rules adopted pursuant to that section. Our response to your first question makes it unnecessary to address your remaining questions.
 SUMMARY
Section 830.101 of the Government Code governs eligibility to participate in the optional retirement program established by chapter 830 of the Government Code. Rider 31 of article III of the General Appropriations Act for the 1989-1991 biennium, Acts 1989, 71st Leg., ch. 1263, at 5677, to the extent it attempts to expand the class of employees eligible to participate in the optional retirement program, violates article III, section 35, of the Texas Constitution and is therefore invalid.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Steve Aragon Assistant Attorney General