

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 14, 1973

The Honorable Jack K. Williams
President, Texas A & M
University
College Station, Texas 77843

Opinion No. H- 86

Re:  Entitlement to and
maximum State contribution
for insurance coverage.

Dear Mr. Williams:

You have requested our opinion on several questions having to do with
the authorized State contribution to the premiums of group insurance poli-
cies insuring State employees.  Articles 3. 50 and 3. 51 of the Texas Insurance
Code authorize group policies of life and health insurance.  As amended by
Acts 1967, 60th Leg., p.1007., ch. 437., Article 3. 51 now permits State agencies and
certain political subdivisions of the State to pay premiums on such policies
"in whole or in part from funds contributed by the employer."

Your first question is whether the current rider to the General Approp-
riations Act for 1974-1975 limits the State's contribution to not in excess
of $12. 50 per month for credit to the premium of each full-time employee.

The rider provides:

> " . . . The state's contribution per full-time
> individual employee covered by any policy or
> policies shall not be greater than Twelve Dollars
> and Fifty Cents ($12. 50) per month for each
> month of the insurance contract year.  The
> method used to calculate the total yearly amount
> to be paid by agencies covered by this Act shall
> be One Hundred and Fifty Dollars ($150) times
> the number of employees actually covered under
> any policy or policies. . . . "  (Acts 1973, H. B.
> 139,  V-38,  § 10)

The rider contained in the 1971 General Appropriations Act was less
precise in its meaning.  It simply read:

> " . . . Payment by the state from the designated
> funds on any policy or policies shall be limited
> to Twelve Dollars and Fifty Cents ($12. 50) per
> month per full-time employee." (Acts 1971, 62nd
> Leg., 1st. C. S., Art. V., § 10, p. V-38)

Attorney General Opinion M-919 (1971) construed the 1971 restriction
to define a monthly aggregate expenditure reached by multiplying $12. 50 times
the number of full-time employees on the departmental payroll.  It declared
that neither Articles 3. 50 or 3. 51 of the Insurance Code, or the Appropriation
Bill rider placed a minimum or a maximum on the contribution that a depart-
ment might make to the cost of premiums on an individual employee.

Subsequently, the language of the rider was amended to provide:

> " . . . The maximum payment by the State for any
> individual employee on any policy or policies shall
> not exceed Twelve Dollars and Fifty Cents ($12. 50)
> per month per full-time employee . . . ." (Acts
> 1971, 62nd Leg., 3rd C. S., S. B. 1, p. V-37, § 10)

Attorney General Opinion M-1229 (1972) ruled that no substantial change in
effect had been made by the changed language and that the conclusions made by
Attorney General Opinion M-919 remained operative.

We need not determine whether those prior opinions were correct.  The
new language of the rider in House Bill 139, coupled with the unusually frequent
change in the language of corresponding riders over the years, is evidence that
a different legislative intent now prevails.  Under House Bill 139 the aggregate
yearly amount expendable is controlled by the language: "$150 time the number
of employees actually covered by any policy or policies." We think the unqual-
ified word "employees" includes part-time employees.  We are of the opinion
that the $12. 50 "per full-time employee" limitation is intended to signify the
maximum permissible monthly contribution toward the cost of the premiums
for any individual full-time employee, or combined part-time equivalents.

In our opinion the rider is not in conflict with, nor does it amend, any general legislation.  It does limit, detail and restrict the use of State funds appropriated by line-item for insurance purposes and is for that reason "germane" to the subject of appropriations and not violative of Article 3, § 35 of the Constitution.  See Attorney General Opinions M-1199 (1972) and V-1254 (1951).

Concerning insurance programs, the discretion conferred upon agencies by Article 3.50 and 3.51, Insurance Code, is pre-existing statutory authority for the use of State funds for payment of employee insurance premiums for either (or both) full-time or part-time employees.  The funding of such a program is, as always, subject to there being an appropriation of State funds by the Legislature.  In this instance, the Legislature has authorized the expenditure of $12.50 per month per full-time employee covered by any policy or policies, whether in full or partial payment of premiums.  See Linden v. Finley, 49 S.W. 578 (Tex. 1899), and Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913).

In our view, "per full-time individual employee" requires a ratio approach to part-time employees and, at the same time, indicates a limitation upon payments on behalf of individual employees.  The amount of premium paid for each part-time employee is to be dependent upon the relationship which his service bears to that of a full-time employee.  However, in no case would an individual employee, full or part-time, ever be entitled to have more than $12.50 per month paid toward the cost of group insurance premiums.

Therefore, it is our opinion that House Bill 139, Acts 1973, V-38, § 10 does limit the State's contribution toward the cost of an individual full-time employee's insurance premiums for group insurance authorized by Articles 3.50 and 3.51, Texas Insurance Code, to $12.50 per month.

We have already answered your second question, which is whether a less than full-time employee should receive a proportionate contribution of State funds to his monthly premiums of group insurance.

No statute requires agencies to extend insurance programs to their active employees, full or part-time; or, if a program is extended, to pay any portion of premium.  The agency or university may pay all, none, or any portion of a

part-time individual's premium whether or not it pays premiums for full-time employees.  It must extend eligibility in life insurance programs to all employees, but it need not pay premiums for all of them.  See Art. 3.50, Texas Insurance Code.  However, if it does pay premiums for part-time employees, the maximum amount it may pay is limited by the Appropriation Bill to an amount which bears to $12.50 the same ratio that the service of the part-time employee bears to that of a full-time employee ("per full-time individual employee").  A lesser contribution is within the agency's discretion.

Finally, you ask if a regular academic year teacher is eligible for premium contributions for the summer months the teacher is not teaching and is not otherwise on the payroll.  Our answer is that if the teacher is under a contract of employment which continues through the summer or under a tenured contract which continues indefinitely, he should be considered an "employee" of the university for the summer months and eligible for State contribution to his premiums.  If his employment is terminated in May, then he is no longer qualified to receive a contribution from the State toward his insurance premiums.

## SUMMARY

The new language restricting the use of funds appropriated for insurance purposes under House Bill 139 requires that the State's contribution to the premium of any individual full-time employee "shall not be greater" than $12.50 per month during any month of the insurance contract year.  A part-time employee may receive a proportionate contribution of State funds to his insurance premiums and a professor, if he remains an employee over the summer months, is eligible to receive the State's contribution for that period.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee