

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 29, 1975

The Honorable Raymond Vowell
Commissioner, Department
of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 679

Re: Ability of Department of
Public Welfare to transfer
funds between programs.

Dear Commissioner Vowell:

You have asked if the Department of Public Welfare may transfer items
of appropriation between programs to insure that adequate funds are avail-
able for medical assistance programs. You indicate that the question arises
because of the Legislature's omission of a rider which has previously
appeared in the Department's appropriation. See Acts 1973, 63rd Leg., ch. 659,
p. 1786 at 1862 (rider 21 to the Department of Public Welfare appropriation).

Article 3, section 51-a of the Texas Constitution provides in part:

> The Legislature shall have authority to enact
> appropriate legislation which will enable the State
> of Texas to cooperate with the Government of the
> United States in providing assistance to and/or
> medical care on behalf of needy persons, in pro-
> viding rehabilitation and any other services includ-
> ed in the federal laws making matching funds avail-
> able to help such families and individuals attain or
> retain capability for independence or self-care, to
> accept and expend funds from the Government of the
> United States for such purposes in accordance with
> the laws of the United States as they now are or as
> they may hereafter be amended, and to make appro-
> priations out of state funds for such purposes; . . .

> Provided further, that if the limitations and
> restrictions herein contained are found to be in
> conflict with the provisions of appropriate federal
> statutes, as they now are or as they may be amended
> to the extent that federal matching money is not avail-
> able to the state for these purposes, then and in that
> event the Legislature is specifically authorized and
> empowered to prescribe such limitations and restric-
> tions and enact such laws as may be necessary in
> order that such federal matching money will be
> available for assistance and/or medical care for or
> on behalf of needy persons.

Pursuant to this constitutional authorization the Legislature has enacted several statutes authorizing the Department to transfer appropriated funds between programs. Article 695c, section 4(12), V. T. C. S., provides in part:

> Notwithstanding any other provisions contained
> in the law, the State Department of Public Welfare
> is authorized and empowered, at such times as may
> be necessary in order that Federal matching money
> will be available for public welfare programs admini-
> stered by the Department for and/or on behalf of needy
> persons, and at such times as the State Department
> may determine feasible and within the limits of appro-
> priated funds, to extend the scope of the public welfare
> programs and the services provided in relation to such
> programs to and on behalf of clients and related groups
> so as to include, in whole or in part, the entire range
> of public welfare assistance and/or services designed
> to help families and individuals attain or retain capa-
> bility for independence or self-care and for such
> rehabilitation and other services as may be prescribed
> or authorized under Federal laws and rules and regu-
> lations, as they now are or as they may hereafter be
> amended.
>
> . . .

The State Department of Public Welfare is authorized to accept, expend, and transfer any and all Federal and State funds appropriated for such purposes. The State Department of Public Welfare is authorized to accept, expend and transfer funds received from a county, municipality, or any public or private agency or from any other source; and such funds shall be deposited with the State Treasury, subject to withdrawal upon order of the Commissioner of Public Welfare in accordance with rules and regulations adopted by the Department and as authorized herein.

Article 695c, section 27, V. T. C. S., provides in part:

(1) . . .

The State Comptroller, after appropriate allocations, transfers, and credits to and from the various funds involved, is hereby authorized to transfer funds appropriated for the operation of the Department into the 'Department of Public Welfare Administration Operating Fund' and/or the 'Department of Public Welfare Assistance Operating Fund' and all other current revenues (including but not limited to grants, earnings, allotments, refunds and reimbursements) and balances on hand, such amounts as are designated and authorized by the Department of Public Welfare. The State Comptroller shall transfer between the 'Department of Public Welfare Administration Operating Fund' and the 'Department of Public Welfare Assistance Operating Fund' such amounts as are designated and authorized by the Department of Public Welfare.

. . .

(2) Should the State Department of Public Welfare determine that a transfer among appropriated State funds is needed to match Federal Medical Assistance funds then, upon written authorization of the State Department of Public Welfare, the State Comptroller of Public Accounts is hereby authorized to transfer moneys allocated and appropriated for

payments for Old Age Assistance, Blind Assistance,
Children's Assistance, and/or Disabled Assistance
out of the respective special assistance funds into the
'Medical Assistance Fund,' and the State Department
is authorized to pay Medical Assistance out of said
funds so transferred and appropriated so as to pro-
vide Assistance and Medical Assistance to the greatest
extent possible within Federal and State Laws, and
within the limitations of the Texas Constitution and
within the limits of total appropriated funds.

. . .

Medical assistance payments are the subject of federal matching funds.
See e.g., 42 U.S.C. § §1396b and 1396d(b).

We do not believe that the 1975 Appropriations Bill has the effect of altering
the authority given the Department to transfer funds by the statutes set out above,
since it is well settled that a general appropriations act cannot amend
general law, e.g., Tex. Const., art. 3, §35; Moore v. Sheppard, 192
S. W. 2d 559 (Tex. Sup. 1946); Linden v. Finley, 49 S. W. 578 (Tex. Sup.
1899); Attorney General Opinion V-1254(1951). Accordingly, it is our
opinion that the Department of Public Welfare may transfer appropriated
funds among programs as provided by these statutes.

## S U M M A R Y

The Department of Public Welfare may transfer
appropriated funds among programs as provided by
article 695c, sections 4(12) and 27.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee