

# The Attorney General of Texas

August 17, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas    78756

Opinion No.   JM-64

Re:   Whether rider to general appropriations act violates article III, section 35 of the Texas Constitution

Dear Dr. Bernstein:

You ask whether a rider in the current general appropriations act satisfies article III, section 35 of the Texas Constitution, which prohibits the enactment of general legislation in an appropriations act.   The rider you refer to provides the following:

> None of the moneys appropriated to the Department of Health and Department of Mental Health and Mental Retardation may be expended for the training or medical treatment, except in emergencies, of any student or patient who is not a citizen or resident of this state.   For the purpose of this provision, affidavits from two reputable persons shall be deemed adequate evidence of citizenship or residency.   (Emphasis added).

Acts 1981, 67th Leg., ch. 875, §2e(1), at 3604.

While Attorney General Opinion MW-538 (1982) addresses issues related to this rider, it does not specifically examine it in light of article III, section 35.   Having applied the standards of that constitutional provision to the instant rider, we find that it meets the requirements of article III, section 35.

The principles relevant to the present inquiry are succinctly summarized in Attorney General Opinion M-1199 (1972) as follows:

> An appropriation bill may detail, limit or restrict the use of funds therein appropriated or otherwise insure that the appropriated money will be spent for the purpose intended.   Moore v. Sheppared, [sic] 144 Tex. 537, 192 S.W.2d 559 (1946); Linden v. Finley, 92 Tex. 451, 49 S.W. 578

(1899); Attorney General's Opinions O-445 (1939),
V-1253 (1951), V-1254 (1951), 2959 (1935), V-1196
(1951).

A rider attached to the general appropriation
bill cannot repeal, modify or amend an existing
general law. State v. Steele, 57 Tex. 203 (1882);
Linden v. Finley, supra; Moore v. Sheppard, supra;
Attorney General's Opinions 1745 (1917), 2787
(1929), 2965 (1935), 2970 (1935), O-445 (1939),
O-1837 (1940), O-2573 (1940), O-5329 (1943), V-412
(1947), V-894 (1949), V-1196 (1951), V-1254
(1951), M-1141 (1972).

You do not challenge the propriety of the first sentence of the
passage presented for our consideration, and we believe it does comply
with the principles set out above. You contend that the second
sentence of the passage

is an attempt to enact general law by establishing
evidentiary criteria to limit the authority of
this department to require proof of residency
beyond the two affidavits standard recited in the
[rider]. . . .

However, you have not cited nor have we found any authority
beyond the first sentence of the rider itself regarding the Department
of Health's responsibility to determine citizenship or residency. See
Attorney General Opinions H-556 (1975); H-156 (1973). It appears that
the second sentence is merely an explanation or definition of what
constitutes citizenship or residency for the purpose of the first
sentence. Therefore, it meets the test of being necessarily connected
with and incidental to the appropriation and use of funds and neither
conflicts with nor amounts to general legislation. Attorney General
Opinions V-1253, V-1254 (1951).

### S U M M A R Y

A rider in the current General Appropriations
Act concerning citizenship or residency does not
violate article III, section 35, of the Texas
Constitution.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger