Robert Bernstein, M.D., F.A.C.P. Commissioner of Health Texas Department of Health 1100 West 49th Street Austin, Texas 78756
Re: Whether rider to general appropriations act violates article III, section 35 of the Texas Constitution
Dear Dr. Bernstein:
You ask whether a rider in the current general appropriations act satisfies article III, section 35 of the Texas Constitution, which prohibits the enactment of general legislation in an appropriations act. The rider you refer to provides the following:
 None of the moneys appropriated to the Department of Health and Department of Mental Health and Mental Retardation may be expended for the training or medical treatment, except in emergencies, of any student or patient who is not a citizen or resident of this state. For the purpose of this provision, affidavits from two reputable persons shall be deemed adequate evidence of citizenship or residency. (Emphasis added).
Acts 1981, 67th Leg., ch. 875, § 2e(1), at 3604.
While Attorney General Opinion MW-538 (1982) addresses issues related to this rider, it does not specifically examine it in light of article III, section 35. Having applied the standards of that constitutional provision to the instant rider, we find that it meets the requirements of article III, section 35.
The principles relevant to the present inquiry are succinctly summarized in Attorney General Opinion M-1199 (1972) as follows:
 An appropriation bill may detail, limit or restrict the use of funds therein appropriated or otherwise insure that the appropriated money will be spent for the purpose intended. Moore v. Sheppared, [sic] 144 Tex. 537, 192 S.W.2d 559 (1946); Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); Attorney General's Opinions O-445 (1939), V-1253 (1951), V-1254 (1951), 2959 (1935), V-1196 (1951).
A rider attached to the general appropriation bill cannot repeal, modify or amend an existing general law. State v. Steele, 57 Tex. 203
(1882); Linden v. Finley, supra; Moore v. Sheppard, supra; Attorney General's Opinions 1745 (1917), 2787 (1929), 2965 (1935), 2970 (1935), O-445 (1939), O-1837 (1940), O-2573 (1940), O-5329 (1943), V-412 (1947), V-894 (1949), V-1196 (1951), V-1254 (1951), M-1141 (1972).
You do not challenge the propriety of the first sentence of the passage presented for our consideration, and we believe it does comply with the principles set out above. You contend that the second sentence of the passage
 is an attempt to enact general law by establishing evidentiary criteria to limit the authority of this department to require proof of residency beyond the two affidavits standard recited in the [rider]. . . .
However, you have not cited nor have we found any authority beyond the first sentence of the rider itself regarding the Department of Health's responsibility to determine citizenship or residency. See Attorney General Opinions H-556 (1975); H-156 (1973). It appears that the second sentence is merely an explanation or definition of what constitutes citizenship or residency for the purpose of the first sentence. Therefore, it meets the test of being necessarily connected with and incidental to the appropriation and use of funds and neither conflicts with nor amounts to general legislation. Attorney General Opinions V-1253, V-1254 (1951).
 SUMMARY
A rider in the current General Appropriations Act concerning citizenship or residency does not violate article III, section35, of the Texas Constitution.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Colin Carl Assistant Attorney General