

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

March 27, 1990

Mr. Kenneth H. Ashworth
Commissioner
Texas Higher Education
  Coordinating Board
P. O. Box 12788
Austin, Texas  78711

Opinion No.   JM-1151

Re:   Eligibility for the Op-
tional Retirement System, and
related   questions   (RQ-1858)

Dear Mr. Ashworth:

On behalf of  the Texas  Higher Education  Coordinating
Board, you ask several  questions relating to the  construc-
tion and effect  of a  rider to  the General  Appropriations
Bill enacted during the regular session of the 71st Legisla-
ture.  The rider, found in article III of the Appropriations
Act, provides the following:

> Sec.  31.  TAMU  SERVICES  RETIREMENT  AND
> BENEFITS.  It is the  intent of the  Legisla-
> ture    that    professional    administrative,
> research and  extension employees  in  higher
> education be eligible for the same retirement
> and benefit  options  as  faculty  of  higher
> education.

Acts 1989, 71st Leg., ch. 1263, at 5677.

Your concern centers around the eligibility of the  em-
ployees  described  in  the  rider  to  participate  in  the
optional  retirement  system    offered  by    state-supported
institutions of higher  education.  Section  830.101 of  the
Government Code,  formerly  section 36.101  of  title  110B,
V.T.C.S., establishes eligibility criteria for participation
in the optional retirement system:

> (a)  The governing board of each  institu-
> tion of  higher  education shall  provide  an
> opportunity to  participate in  the  optional
> retirement program to all faculty members  in
> the component  institutions governed  by  the
> board.

> (b)  Eligibility  to  participate  in  the
> optional retirement  program  is  subject  to

rules adopted by the Texas Higher Education Coordinating Board.

(c) A person who before September 1, 1987, had chosen to participate in the optional retirement program and who was participating in the program on September 1, 1987, is entitled to continue to participate in the program until the person terminates participation as provided by Section 830.105(a).

For the purposes of this section, a faculty member is a person employed by an institution of higher education on a full-time basis as

(A) a member of the faculty whose duties include teaching or research;

(B) an administrator responsible for teaching and research faculty;

(C) a member of the administrative staff of the Texas Higher Education Coordinating Board; or

(D) a professional librarian, a president, a chancellor, a vice-president, a vice-chancellor, or other professional staff whose national mobility requirements are similar to those of faculty members and who fills a position that is the subject of nationwide searches in the academic community.

Gov't Code § 821.001(8).

Pursuant to section 830.101(b), the Coordinating Board has adopted a rule further defining the subgroups enumerated in section 821.001(8):

In accordance with [Gov't Code § 821.001(8)], governing boards shall use any of the following definitions of a full-time faculty member for determining eligibility for participation in the Optional Retirement Program.

(1) A member of the faculty whose duties include teaching or research shall mean all persons whose specific assignments are made for the purpose of

conducting instruction or research as a principal activity (or activities), and who hold titles of professor, associate professor, assistant professor, instructor, instructor [sic], lecturer, or equivalent faculty title.

(2) An administrator responsible for teaching and research faculty shall mean deans, directors, associate deans, assistant deans, chairpersons, or heads of academic departments if their principal activity is planning, organizing, and directing the activities of faculty as defined in paragraph (1) of this section.

(3) A member of the administrative staff of the Texas Higher Education Coordinating Board shall mean a member of the Texas Higher Education Board staff whose assignment would require college graduation and prior experience in higher education or experience of such kind and amounts to provide a comparable background, whose national mobility requirements are similar to those of faculty and who fills a position that is the subject of a nationwide search in the academic community.

(4) A professional librarian, a president, a chancellor, a vice-president, a vice-chancellor shall mean a librarian with a degree in library science, presidents, chancellors, vice-presidents, vice-chancellors, deputy chancellors, associate and assistant vice-presidents, associate and assistant vice-chancellors, or the equivalent.

(5) Other professional staff person shall mean administrative and professional positions that are generally and customarily recruited by advertising in national publications such as the Chronicle of Higher Education or in newsletters of national professional associations or at meetings of such associations. In addition, each administrative or professional position must be at a salary rate for faculty for the institution.

>>> (A) Administrative positions shall normally report to the office of a chancellor, president, vice-chancellor, vice-president, or dean. Incumbents of such positions serve as director or other administrative head of a major department or budget entity. Incumbents of such positions must be:

>>>> (i) appointed by the governing board or the chief administrative officer of the institution, or his/her delegate; and

>>>> (ii) responsible for the preparation and administration of the budget, policies, and programs, of the department or entity.

>>> (B) Professional positions shall include positions in nationally recognized fields which require advanced degrees and/or specialized professional or artistic training, experience, and achievement. These would include titles such as physicians, athletic coaches, engineers, and lawyers.

19 T.A.C. § 1.6.

The rider in question appears to expand the class of employees eligible to participate in the optional retirement program beyond that authorized by section 830.101. It is this apparent conflict in expressions of legislative intent that prompts your questions.

You ask the following questions:

> 1.   Does [article III] section 31 of the appropriations bill or [section 830.101 of the Government Code] govern eligibility for the Optional Retirement Program; or do they both apply?

> 2.   If only [section 830.101] applies, is section 31 considered moot?

> 3.   If only section 31 applies, is [section 830.101] considered moot, and does each institution have authority to interpret the language of section 31?

4.  If both section 31 and [section 830.101] apply, how is Optional Retirement Program eligibility to be determined when there are differences in the interpretation of the two provisions?

5.  Finally, since the caption for section 31 reads 'TAMU SERVICES AND BENEFITS,' does this section apply only to Texas A & M University, or to all institutions, including universities, medical schools, technical institutes and junior/community colleges?

A rider to an appropriations bill is scrutinized in light of article III, section 35, of the Texas Constitution, which provides the following in pertinent part:

(a)  No bill, (except general appropriations bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

The appropriation of funds from the state treasury is considered a single subject for the purposes of this provision, despite the apparent exception for general appropriations bills. _Jessen Assoc., Inc. v. Bullock_, 531 S.W.2d 593, 600 (Tex. 1975) (and cases cited therein).

A valid rider may detail, limit, or restrict the use of appropriated funds. Attorney General Opinion V-1254 (1951). A rider that qualifies or directs the use of appropriated funds or that is merely incidental to an appropriation is valid. _Jessen Assoc., Inc._, _supra_, at 599. So, too, is a rider that merely implements or is declarative of existing general law. _See_ Attorney General Opinions JM-786 (1987); JM-343 (1985).

A rider may not, however, embody matters of general legislation. _Moore v. Sheppard_, 192 S.W.2d 559 (Tex. 1946); _see also_ Attorney General Opinions MW-585 (1982); MW-51 (1979). A rider that attempts to alter existing substantive law is a matter of general legislation that may not be included in a general appropriations act. _Strake v. Court of Appeals_, 704 S.W.2d 746 (Tex. 1986). Thus, a rider that amends, modifies, repeals, or conflicts with existing general law or that attempts to nullify a constitutional provision other than article III, section 35, is invalid. _See_ _id._; _Linden v. Finley_, 49 S.W. 578 (Tex. 1899); _see_

also Attorney General Opinions JM-885 (1988); H-1158 (1978); M-1199 (1972); V-1254 (1951).

With respect to the powers of state agencies, a rider to an appropriations bill may not confer a power on an agency that it does not possess under general law. See Attorney General Opinion C-447 (1965). A rider may not make mandatory that which general law makes discretionary. Attorney General Opinions JM-167 (1984); MW-104 (1979); C-119 (1963). As to the eligibility of state employees for certain benefits, this office has concluded that a rider may set forth eligibility criteria in the absence of statutory criteria, but it may not establish criteria that conflict with general law. See Attorney General Opinion JM-407 (1985).

Section 830.101 of the Government Code provides only that "faculty members," as that term is defined in section 821.001, are eligible to participate in the optional retirement program, subject to rules adopted by the Texas Higher Education Coordinating Board. Rider 31, meanwhile, would permit "professional administrative, research, and extension employees in higher education" to participate in the optional retirement plan, as well as allow them to receive the same benefit options as faculty members. It gives no precise definition of the class of employees it covers, and may thus be susceptible to the kind of contra-dictory and open-ended interpretations you ask about in your third and fourth questions. Rider 31 may therefore be viewed as an attempt to amend section 830.101 of the Government Code. It may also be perceived as an attempt to dislodge the discretion conferred by section 830.101 upon the Texas Higher Education Coordinating Board to further refine the eligibility criteria. For these reasons, we conclude that rider 31 of article III of the General Appropriations Act for the 1989-1991 biennium embraces matters of general legislation and is therefore invalid under article III, section 35, of the Texas Constitution. Strake, supra; Jessen Assoc., Inc., supra; Moore, supra.

In answer to your first question, we conclude that section 830.101 of the Government Code governs eligibility to participate in the optional retirement program establish-ed by chapter 830 of the code. Rider 31 of article III of the General Appropriations Act for the 1989-1991 biennium is invalid to the extent it attempts to expand the class of employees eligible to participate in the optional retirement program beyond that authorized by section 830.101 and rules adopted pursuant to that section. Our response to your first question makes it unnecessary to address your remain-ing questions.

## S U M M A R Y

Section 830.101 of the Government Code governs eligibility to participate in the optional retirement program established by chapter 830 of the Government Code. Rider 31 of article III of the General Appropriations Act for the 1989-1991 biennium, Acts 1989, 71st Leg., ch. 1263, at 5677, to the extent it attempts to expand the class of employees eligible to participate in the optional retirement program, violates article III, section 35, of the Texas Constitution and is therefore invalid.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General