OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 7, 2000

The Honorable Bill Hill
Dallas County District Attorney
Civil Section
Administration Building
411 Elm Street
Dallas, Texas 75202

Opinion No. JC-0178

Re: Validity of a rider that allocates monies from the emergency medical services and trauma care system fund of the Texas Department of Health (RQ-0132-JC)

Dear Mr. Hill:

You have requested our opinion regarding the constitutionality of a rider to the General Appropriations Act for the 2000-01 biennium. For the reasons discussed below, we conclude that the rider violates article III, section 35 of the Texas Constitution.

You indicate that, in 1997, the legislature created an emergency medical services and trauma care system fund as a special account in the state treasury.[1] As amended in 1999, section 773.122, Health and Safety Code, now provides, in relevant part:

> (a) The commissioner, with advice and counsel from the chairpersons of the trauma service area regional advisory councils, shall use money in the account established under Section 771.072(f) to fund county and regional emergency medical services and trauma care systems in accordance with this section.
>
> (b) The commissioner shall maintain a reserve of $250,000 of money appropriated from the account for extraordinary emergencies.
>
> (c) In any fiscal year the commissioner shall use at least 70 percent of the appropriated money remaining in the account, after any amount necessary to maintain the reserve established by Subsection (b) is deducted, to fund, in connection with an effort to provide coordination with the appropriate trauma service area, the cost of supplies, operational expenses, education and training, equipment, vehicles, and communications systems for local emergency medical services. The money shall be distributed on behalf of eligible

---

[1]Act of May 28, 1997, 75th Leg., R.S., ch. 1157, 1997 Tex. Gen. Laws 4360.

recipients in each county to the trauma service area regional advisory council for that county, if the regional advisory council is incorporated as an entity that is exempt from federal income tax under Section 501(a), Internal Revenue Code of 1986, and its subsequent amendments, by being listed as an exempt organization under Section 501(c)(3) of the code. For a county for which the regional advisory council is not incorporated as such an entity, the money shall be distributed to the county on behalf of eligible recipients. *The share of the money allocated to the eligible recipients in a county's geographic area shall be based on the relative geographic size and population of the county and on the relative number of emergency or trauma care runs performed by eligible recipients in the county.* Money that is not disbursed by a regional advisory council or a county to eligible recipients for approved functions by the end of the fiscal year in which the funds were disbursed shall be returned to the account to be used in accordance with Subsection (f).

TEX. HEALTH & SAFETY CODE ANN. § 773.122(a)-(c) (Vernon Supp. 2000) (emphasis added).

In 1999, there was also enacted a rider to the appropriation for the Department of Health that bears on the allocation formula. Rider 61 provides:

> **Trauma Formula Distribution.** It is the intent of the Legislature that the Department of Health allocate at least 40 percent to urban counties and at least 60 percent of the Emergency Medical Services allotment to rural and frontier counties.

General Appropriations Act, 76th Leg., R.S., ch. 1589, 1999 Tex. Gen. Laws 5446, 5603. A proposed rule of the Department of Health adopts the 60-rural/40-urban requirement of the rider and only then applies the statutory formula based on "relative geographic size and population":

> (f) Calculation of county shares.
>
> > (1) EMS allotment
> >
> > > (A)   Counties will be classified as urban or rural based on the latest official federal census population figures.
> > >
> > > (B)   The EMS allotment will be divided into a 40% allocation for urban counties and a 60% allocation for rural counties.

> (C)    An individual county's share of the EMS allotment shall be based on its relative geographic size and population *as compared to all other counties of its classification.*

24 Tex. Reg. 8088 (1999) (to be codified as an amendment to 25 TEX. ADMIN. CODE § 157.130(f)(1)(A)-(C)) (proposed Sept. 10, 1999) (Tex. Dep't of Health) (emphasis added). You suggest that the modification required by Rider 61 violates article III, section 35 of the Texas Constitution which provides, in relevant part: "No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject." TEX. CONST. art. III, § 35(a). The appropriation of funds from the state treasury is considered a single subject for purposes of this provision. *Jessen Assoc., Inc. v. Bullock,* 531 S.W.2d 593, 600 (Tex. 1975).

The law with regard to riders has long been settled in Texas, as summarized in Attorney General Opinion JM-1151:

> A valid rider may detail, limit, or restrict the use of appropriated funds. Attorney General Opinion V-1254 (1951). A rider that qualifies or directs the use of appropriated funds or that is merely incidental to an appropriation is valid. *Jessen Assoc., Inc., supra,* at 599. So, too, is a rider that merely implements or is declarative of existing general law. *See* Attorney General Opinions JM-786 (1987); JM-343 (1985).

> A rider may not, however, embody matters of general legislation. *Moore v. Sheppard,* 192 S.W.2d 559 (Tex. 1946); *see also* Attorney General Opinions MW-585 (1982); MW-51 (1979). A rider that attempts to alter existing substantive law is a matter of general legislation that may not be included in a general appropriations act. *Strake v. Court of Appeals,* 704 S.W.2d 746 (Tex. 1986). Thus, a rider that amends, modifies, repeals, or conflicts with existing general law or that attempts to nullify a constitutional provision other than article III, section 35, is invalid. *See id.; Linden v. Finley,* 49 S.W. 578 (Tex. 1899); *see also* Attorney General Opinions JM-885 (1988); H-1158 (1978); M-1199 (1972); V-1254 (1951).

Tex. Att'y Gen. Op. No. JM-1151 (1990) at 5-6; *see also* Tex. Att'y Gen. Op. No. DM-93 (1992).

Under these standards, we conclude that Rider 61 is invalid. As we have noted, section 773.122(c) establishes a formula for distribution of emergency medical services/trauma care funds "based on relative geographic size and population of the county and on the relative number of

emergency or trauma care runs performed by eligible recipients in the county." The rider imposes an intervening layer on this formula by requiring that the funds first be allocated on a 60-40 rural-urban basis. As interpreted by the Department of Health, the statutory formula will be imposed only after this initial allocation. In our opinion, Rider 61 represents an attempt "to alter existing substantive law," and, as such, "is a general law which may not be included in an appropriations act." *See Strake v. Court of Appeals*, 704 S.W.2d 746, 748 (Tex. 1986). We conclude therefore that Rider 61 contravenes article III, section 35 of the Texas Constitution.

## S U M M A R Y

Rider 61 to the appropriation for the Department of Health in the General Appropriations Act for the 2000-01 biennium attempts to amend general law and therefore contravenes article III, section 35 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee